**Exhibit 3**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ADRIANA CASTRO, M.D., P.A., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 11-7178 (JLL) |
| | : | |
| v. | : | |
| | : | |
| SANOFI PASTEUR INC., | : | ORDER |
| | : | |
| Defendant. | : | |

This matter having come before the Court by way of the parties' joint letter ("Letter"),

dated November 2, 2012, requesting the Court's intervention to resolve five (5) outstanding

discovery issues,[1] see Letter, Nov. 2, 2012, ECF No. 124;

and the Court's July 19, 2012, Pretrial Scheduling Order having directed the parties to

follow a specific format and protocol for presenting discovery disputes to the Court,[2] see Pretr.

---

[1] Specifically, plaintiff Adriana Castro ("plaintiff") and defendant Sanofi Pasteur Inc. ("defendant") request that the Court resolve the following issues: (1) the proper time period to apply to plaintiff's requests for production ("RFP") of documents; (2) how the parties should allocate the cost of searching for, collecting, processing, reviewing, and producing hard-copy documents; (3) whether, in response to plaintiff's RFP No. 87, defendant should be compelled to produce affidavits or declarations that it intends to use solely for impeachment purposes, or whether those documents are protected on the basis of the attorney work-product privilege; (4) the extent, if any, to which plaintiff must produce its communications with Navigant Consulting ("Navigant") or identify them on a privilege log; and (5) whether defendant's RFP No. 29 seeks improperly "downstream" discovery related to plaintiff's sales to customers.  ECF No. 124.

[2] Paragraph five of the Pretrial Scheduling Order states in pertinent part:

> Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention.  See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1).  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the

(continued...)

Sched. Order ¶ 5, July 19, 2012, ECF No. 104;

and Local Civil Rule 37.1(a)(1) and Federal Rule of Civil Procedure 37(a)(1) requiring

similarly that the parties must meet and confer in a good faith effort to resolve discovery disputes

before presenting them to the Court;

and it appearing from the Letter that the parties have not met and conferred in a good

faith attempt to resolve their outstanding discovery issues before raising them with the Court;[3]

---

[2](...continued)
information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Pretr. Sched. Order ¶ 5, July 19, 2012, ECF No. 104. Consistent with Fed. R. Civ. P. 37 and L. Civ. R. 37.1, the Court's format requires the parties to confer and work together in good faith to resolve and present discovery disputes.

[3] With respect to the first issue, plaintiff claims that defendant asserts that plaintiff is not entitled to documents from 2004 through 2008 because plaintiff allegedly has not identified a single act or event that occurred in that time period that is relevant to its claims or defenses. Letter at 7. In support of its position that defendant should produce documents that were created between 2004 and 2008, plaintiff submits that defendant itself has used the time period of January 1, 2005 to the present in issuing subpoenas to third party physician buying groups. Id. at 8. As such, plaintiff contends that defendant cannot plausibly deny plaintiff's request for documents from the same time period. Id. Defendant, on the other hand, claims that it only defined the relevant time period as January 1, 2005 to the present "to preserve its ability to rebut plaintiffs' characterizations of the historical evolution of the market" if this Court granted plaintiffs' request. Id. at 13. Defendant maintains that it has "agreed to limit discovery to January 1, 2008 unless the Court . . . imposes a longer time period." Id. Given these conflicting accounts on such a fundamental issue, the Court finds that the parties have failed to meet and confer in a good faith attempt to resolve this first discovery dispute. The Letter does not indicate that the parties conferred meaningfully at all in an effort to resolve this issue.

(continued...)

IT IS on this 25th day of January 2013,

ORDERED that the parties shall meet and confer in a good faith attempt to resolve the

five (5) discovery issues identified in the Letter (ECF No. 124) before again seeking the Court's

intervention; and it is further

---

[3](...continued)
With respect to the second issue, plaintiff claims that defendant has not addressed any of the Rule 26(b)(2)(C) factors (id. at 17), while defendant alleges that plaintiff has "not even reviewed all of the over one million pages of documents relating to [defendant's] pediatric vaccines that have been produced to date [(id. at 19)]." Again, the Court finds that such a wide discrepancy in the parties' respective accounts indicates that they have failed to meet and confer as paragraph five (5) of the Pretrial Scheduling Order (ECF No. 19) requires them to do.

With respect to the third issue, plaintiff submits that defendant's refusal to produce all communications between its counsel and third parties is unreasonable, "particularly given the fact that [defendant] demanded, and [p]laintiffs have already produced, communications between [p]laintiffs' counsel and non-consultant third parties related to this litigation." Letter at 22-23. Defendant claims that it does not so refuse; further, it states that it requested that plaintiff produce or log all of its communications with third parties. Id. at 25. The Court concludes that the parties have failed to meet and confer because even the most basic good faith effort to resolve this issue would have clarified the scope of defendant's initial request. The Court cannot, and does not, find that the parties adequately met and conferred in good faith on this outstanding issue; if they did, it is highly unlikely that such a stark misunderstanding would persist.

With respect to the fourth issue, plaintiff alleges that defendant advances a "far-fetched, irrelevant, and baseless tale of a conspiracy" to justify its request for communications between plaintiff and Navigant. Id. at 38. Defendant counters that the limited record reveals "some troubling facts" justifying its suspicion and notes that plaintiff does not deny those facts. Id. at 30. The Court finds that the parties have again failed to meet and confer because plaintiff's characterization of a "baseless" conspiracy does not comport with its acknowledgment of those facts identified by defendant, and the existence of certain facts in the public record. See id. at 30-32. As a result, the Court is not convinced that the parties made a good faith effort to reconcile their views on the relevancy and discoverability of the Navigant communications.

Finally, with respect to the fifth issue, defendant alleges that plaintiff "does not deny that [defendant's RFP No. 29] is relevant to the Counterclaim." Id. at 42. Plaintiff, however, states that the discovery sought by defendant via RFP No. 29 "is not relevant to the Counterclaim." Id. at 45. The Court determines that the only explanation for these patently contrary assertions is that the parties have failed to meet and confer in a good faith effort to resolve this issue. At this time, the Court offers no opinion on the parties' five (5) outstanding discovery disputes.

-3-

Case 1:13-cv-02086 Document #: 11-2 Filed: 03/29/13 Page 5 of 5 PageID #:2869

ORDERED that if the parties are unable to resolve their remaining discovery issue, they must appear before the Undersigned at **9:30 a.m.** on **Monday, February 19, 2013**, and shall continue the meet and confer in person until such time as the parties resolve the disputes or are discharged by the Court.

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**