IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> SANOFI PASTEUR INC., <br><br> Defendant. | Civ. Action No. 13-cv-2086 <br><br> Honorable John J. Tharp, Jr. <br> Magistrate Judge Susan E. Cox <br><br> ECF CASE |

## SANOFI'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR CLARIFICATION

Plaintiffs claim to seek "minor" modifications to this Court's April 9, 2013 Order. These "modifications," however, would gut and (effectively) *reverse* the Order, while leading the Court into error. Contrary to plaintiffs' arguments, Federal Rule 26(b)(3)'s plain language requires an attorney-client relationship with a *party to the case* before work product protection attaches. Similarly, Rule 26(b)(4)'s protections do not arise before retention begins. In all events, relevant facts are not shielded from discovery merely because they pass between an attorney and his consultant. These basic principles resolve this dispute.

Because there is no "manifest error of law or fact" to correct, plaintiffs' motion should be denied. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting

*Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982) (summarizing "the law governing motions to reconsider")).[1]

## I. PLAINTIFFS ARE NOT ENTITLED TO SHIELD DOCUMENTS PREPARED BY NON-PARTIES OR ON BEHALF OF NON-PARTY CLIENTS.

Plaintiffs first ask the Court to modify the phrase "between Dr. Castro and Berger & Montague" to "between Plaintiffs' counsel and any entity with whom Plaintiffs' counsel had an attorney-client relationship" while investigating claims against Sanofi. Pls. Br. 1. This change is needed, they say, because Rule 26(b)(3)(A) protects "trial preparation materials" if any counsel was acting on behalf of *any* client, regardless of whether such client became a *party*.

Plaintiffs invoke no language in Rule 26 supporting this view. They do not deny that the Rule's plain language contradicts it, by protecting documents prepared by a "party" or its "representative." And they invoke no case law broadening construction of the Rule. To the contrary, this "Court has adhered to the ***plain language*** of that rule and held that its protections are limited to one who is **a *party (or a party's representative) to the litigation in which discovery is sought*.**" *LG Elecs., Inc. v. Motorola, Inc.*, 2010 WL 4513722, at *3 (N.D. Ill. 2010) (citing cases). Given "this wording, the federal courts have repeatedly held … that a non-party witness may not invoke work-product protection … to preclude production of materials prepared by or for that witness, even if created in contemplation of the witness's own pending or

---

[1] Plaintiffs do not mention the clear error standard and do not try to satisfy the factors the Seventh Circuit has identified for determining whether that standard has been met. Specifically, they do not claim (1) the Court misunderstood them; (2) the Court made a decision outside the issues presented; (3) the Court made an error "of apprehension;" or (4) there has been a controlling or significant change in the law or facts. *Se C.H. Robinson Worldwide, Inc. v. Nat'l Prods. Corp.*, 2002 WL 99735, at *3 (N.D. Ill. 2002) (discussing "clear error and manifest injustice" standard in light of the stated factors) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Instead they present new rebuttal arguments to the points Sanofi raised in opposition to plaintiffs' original motion to quash. That is not sufficient, and even if it were, there is no merit to these new arguments.

Unless otherwise noted, all emphasis is added and internal citations and quotation marks omitted.

anticipated litigation." *Ramsey v. NYP Holdings, Inc.*, 2002 WL 1402055, at *6 (S.D.N.Y. 2002) (citing cases). Thus, "[d]ocuments prepared by one who is not a party to the *present suit* are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit." 8 C. Wright, A. Miller & R. Marcus, FEDERAL PRACTICE & PROCEDURE: Civil § 2024 at 354–56 (2d ed. 1994); *accord*, 6 MOORE'S FEDERAL PRACTICE § 26.70[4] at 26–218.3.[2]

Ignoring the *second* part of Rule 26(b)(3)(A) (requiring party status), plaintiffs invoke the *first*, which requires that protected documents be created in "anticipation of litigation." *See* Pls. Br. 5. But Rule 26(b)(3)(A) is not written in the disjunctive; each portion of it must be satisfied before work protect obtains. *See id.* (documents must be "prepared in *anticipation of litigation* or for trial *by or for another party* or its representative"). Lest there be any doubt that the drafters of the federal rules meant "party" and not "any client" (as plaintiffs contend), the Advisory Committee's repeated references to the "party's attorney" when discussing various clauses of Rule 26(b) removes it. *See* 2010 Adv. Comm. Note ("protection is limited to communications between an expert witness … and the attorney *for the party*"); *id.* (referencing "protection for communications between the retained expert and '*the party's attorney*'"); *id.* ("discovery is permitted to identify facts or data *the party's attorney* provided to the expert").[3]

In addition to plain language and explanatory notes, case law supports this Court's holding that the operative date for the invocation of work product protection is the date Dr.

---

[2] *See also Hernandez v. Longini*, 1997 WL 754041, at *2 (N.D. Ill. 1997) (*quoting In re California Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir.1989)); *Cook v. City of Chi.*, 2010 WL 331737, at * 1 (N.D. Ill. 2010); *Ostrowski v. Holem*, 2002 WL 31956039, at *3 (N.D. Ill. 2002).

[3] To be sure, the *attorney-client privilege* may protect attorney-client communications if the client does not become a party to a suit. But plaintiffs are not asserting the attorney-client privilege. They invoke only the *work product doctrine* to shield discovery. That doctrine requires "party" status.

Castro – the first plaintiff to bring suit – retained Berger and Montague ("B&M"). *See* Sanofi's Op. Br. at 10-13 (citing cases). Cases plaintiffs cite reinforce Sanofi's argument. In each one, documents at issue were prepared by counsel for a party in anticipation of the litigation *at issue*. *See United States v. Adlman* 134 F.3d 1194, 1198-99 (2d Cir. 1998) (taxpayer who was the *target* of a government tax evasion investigation could claim protection); *SEC v. Nacchio*, 2007 WL 219966, at *8 (D. Colo. 2007) (SEC could claim protection over documents relating to its own pre-suit investigation materials); *National Jockey Club v. Ganassi*, 2006 WL 733549 (N.D. Ill. 2006) (party may claim privilege over analysis of a potential suit against the defendant).[4]

Plaintiffs' assertion that work product protection began when B&M – or perhaps an undisclosed law firm – first acted on behalf of an undisclosed client flunks Rule 26(b)(3)(A)'s requirements for at least two reasons. *First*, B&M does not disclose whether the supposed client on whose behalf it (or someone else) first acted is a *party* to the present suit. Indeed they appear to concede otherwise, noting that B&M "and its co-counsel investigated this case on behalf of certain entities that did *not ultimately become named plaintiffs*, and these attorney-client relationships *predate* the relationships established with the named Plaintiffs, including with Dr. Castro." Pls. Br. 6. They also concede that they (not a client) retained Navigant, "at their own

---

[4] Plaintiffs' attempt to distinguish *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 484 (E.D. Pa. 2005) falls flat. They argue that *SmithKline* improperly extended this Court's holdings in *McCook Metals L.L.C. v. Alcoa, Inc.*, 192 F.R.D. 242, 259 (N.D. Ill. 2000), because *McCook*'s held that documents created by an attorney for a "*party*" were not prepared in anticipation of litigation, since the "opposing party" was not known at the time. Properly read, both cases are consistent with the notion that it "*takes two to tango.*" Without a client who intends to bring its own suit, litigation is not reasonably anticipated, *even if* the lawyer has already picked the target. Likewise, where litigation *is* reasonably anticipated, if a *potential* party does not become an *actual* party, Rule 26(b)(3) does not apply.

expense," as part of their calculus regarding whether to underwrite this suit. *Id*. at 9. These concessions are fatal to the application of Rule 26(b)(3)(A).[5]

*Second*, even if Rule 26(b)(3)(A) applied to non-parties, plaintiffs make no attempt to establish that the client on whose behalf they allegedly acted anticipated bringing its *own* suit. For example, were the alleged client Novartis, nothing would be protected, since Novartis never intended to sue in its own name. Documents created on its behalf, therefore, would fail the "anticipation of litigation" prong of Rule 26(b)(3)(A).[6]

The danger of plaintiffs' proposed modification is clear. With at least twelve law firms signing on to the original *Castro* Complaint, at least one firm was bound to have represented a healthcare provider in some *unrelated* litigation in the past. (B&M, for example, represents healthcare providers in the hypodermic needles antitrust litigation). If the mere existence of a relationship with a client who could *conceivably* serve as a *potential* plaintiff sufficed, B&M could immunize from discovery its conspiracy with Novartis, even if conspiratorial discussions took place before its retention by a ***party***, or by a client who did not reasonably anticipate serving

---

[5] Plaintiffs note that there are two other named plaintiffs, Sugartown Pediatrics and Marquez and Bengochea. Pl. Br. 4-5. But they do not claim that B&M acted on behalf of these entities before being retained by Dr. Castro. Indeed, the *Sugartown* and *Marquez* cases were filed one month and two months, respectively, ***after*** the *Castro* case. Thus, any claim that B&M was acting on behalf of such named plaintiffs is improbable. Moreover, modifying the Order to cover retention by any named plaintiff represented by any firm in the suit would sow confusion, since it would be unclear which firm was acting on behalf of which client, for which purpose, at which time. For example, if Sugartown had retained Faruqi & Faruqi, LLP from time immemorial to advise on general matters, that fact should not immunize documents in Navigant's possession relating to its dealings with B&M.

[6] Rule 26 anticipates the murkiness plaintiffs' motion creates by requiring any party who "withholds information otherwise discoverable" as "privileged or subject to protection as trial-preparation material" to "describe the nature of the" information sought "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A). By declining to identify the relevant attorney, client, date, or description of the withheld information, plaintiffs have not satisfied this section of Rule 26 either.

as a plaintiff. Because Rule 26's "party" and "anticipation of litigation" prongs preclude this result, plaintiffs' first proposed "modification" should be rejected.

## II. PLAINTIFFS ARE NOT ENTITLED TO SHIELD THEIR PRE-RETENTION OPINIONS.

Plaintiffs also ask the Court to "modify" its Order to exclude documents that might contain "Plaintiffs' counsels' or Navigant's" opinions or mental impressions "*regardless of when they were created.*" Pls. Br. 2, 8. As above, this "modification" would nullify the Court's order, as plaintiffs will likely claim that *all* their discussions with Navigant reflect (or at least include) their own, or Navigant's, "mental impressions." But as this Court has previously warned, "to allow the [work product] doctrine to shield from production every item which may reveal some inkling of a lawyer's mental impressions would allow the exception to hungrily swallow up the rule." *See Itex, Inc. v. Workrite Uniform Co.*, 2011 WL 1224920, at *1 (N.D. Ill. 2011).

Plaintiffs' first argument, concerning relevance, provides a textbook example of this hazard. Specifically, they contend that documents that may touch on mental impressions are "not *evidence.*" Pl. Br. 6. Yet the fact that documents reflecting whether Novartis conspired with Navigant and B&M to misuse antitrust law to injure Sanofi *could* contain "mental impressions" of counsel, Navigant, or both, does not render them *irrelevant*. If B&M and Navigant discussed, for example, Novartis' decision not to file suit because it cannot establish foreclosure; the need to find more sympathetic plaintiffs to carry the torch for Novartis; or how plaintiffs will work with Novartis to bring Sanofi "to its knees," such information is highly relevant, if not dispositive and exculpatory.

In their instant motion, plaintiffs do not contend that such documents are irrelevant or inadmissible. Nor do they cite any case supporting the proposition that *any* document containing

an attorney or consultant's "mental impression" is *ipso facto* irrelevant. Nor could they. There is no such rule.[7]

Plaintiffs' fallback argument is that these documents should be excluded because of "long-standing authority that the mental impressions of an adversary are not discoverable absent exceptional circumstances." Pls. Br. 6. Plaintiffs, however, once more ignore the applicable rule. The distinction between fact and opinion work product, Sanofi has explained, is embodied in Rule 26(b)(3)(B). Under that rule, once a court determines that a document constitutes Rule 26(b)(3)(A) trial preparation materials, it "must protect" *opinion* work product from disclosure. But Rule 26(b)(3)(B) does not apply unless the requirements of Rule 26(b)(3)(A) – and its "party" and "anticipation" requirements – are first met. *See* Fed. R. Civ. P. 26(b)(3)(B).[8]

A similar analysis applies to plaintiffs' invocation of Rule 26(b)(4)(D). *See* Pls. Br. 8-9. As Sanofi has explained, that rule cannot be invoked absent a relationship between the consultant, attorney, and a party. *See* Sanofi's Op. Br. at 12-13. Because neither rule applies, plaintiffs may not shield any pre-retention documents from discovery, regardless of whether they contain B&M's, or Navigant's, mental impressions.

---

[7] Plaintiffs represent that "Novartis had nothing to do with Dr. Castro bringing this lawsuit." Pls. Br. 7. We are unsure what they mean. If they are suggesting Novartis did not coordinate and facilitate the *Castro* case, including by identifying named plaintiff candidates, their claim is belied by evidence set forth in Sanofi's first brief. *See* Sanofi Op. Br. at 1-6. If they mean Dr. Castro was in the dark about the extent Novartis was pulling the strings behind the scenes, they may argue that point ***at trial***, if true. But this alleged fact does not bear on whether Rule 26(b)(3) protects *pre-retention* documents.

[8] Thus, as this Court has noted, documents post-dating Dr. Castro's retention of B&M fall under Rule 26(b)(3)(A)'s protection, and Sanofi must show a substantial need for them. Plaintiffs would then have to show that the documents reflect opinion work product, versus facts relating to the alleged scheme.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration should be denied.[9]

Dated: April 17, 2013                                      Respectfully submitted,

                                                           /s/ *Scott M. Abeles*

Colin R. Kass (admitted *pro hac vice*)                    Steven R. Gilford
Scott M. Abeles (admitted *pro hac vice*)                  Catherine J. Spector
PROSKAUER ROSE LLP                                         PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW                                 70 West Madison St., Suite 3800
Washington, D.C. 20004                                     Chicago, IL 60602
T: (202) 416-6800                                          T: (312) 962-3550
F: (202) 416-6899                                          sgilford@proskauer.com
ckass@proskauer.com                                        cspector@proskauer.com
sabeles@proskauer.com

                                                           *Attorneys for Sanofi Pasteur Inc.*

---

[9] If the Court is inclined to modify its Order in any way, Sanofi respectfully requests that it review the subject documents *in camera* to determine whether they are immune from discovery. Sanofi also requests that the *in camera* production be accompanied by a certification from Navigant's in-house counsel that the production contains *all* documents responsive to the subpoena that have been withheld on work product grounds, versus some hand-picked "examples" (as plaintiffs alternatively propose). Pls. Br. 9 n.7.

## CERTIFICATE OF SERVICE

I hereby certify that on April 16th, 2013, I caused to be served, via the Court's Electronic Filing system, a copy of the foregoing document on:

<u>Counsel of Record for Movant Plaintiffs:</u>
Scott F. Hessell
Matthew T. Slater
Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
shessell@sperling-law.com
mslater@sperling-law.com

Daniel J. Walker
Zachary D. Caplan
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
dwalker@bm.net
zcaplan@bm.net

and by electronic mail and first class mail, postage prepaid, to:

Rahsaan Sales
Assistant General Counsel
Navigant
30 South Wacker Drive, Suite 3550
Chicago, Illinois 60606
Rahsaan.sales@navigant.com

Peter Pearlman
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West, Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
psp@njlawfirm.com

    Respectfully submitted,

    /s/ *Scott M. Abeles*

    Scott M. Abeles