IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> SANOFI PASTEUR INC., <br><br> Defendant. | Civ. Action No. 13-cv-2086 <br><br> Honorable John J. Tharp, Jr. <br> Magistrate Judge Susan E. Cox <br><br> ECF CASE |

**NOTICE OF ADDITIONAL AUTHORITY ADDRESSING CASE LAW RAISED BY PLAINTIFFS FOR THE FIRST TIME DURING ORAL ARGUMENT**

During oral argument on plaintiffs' Motion for Reconsideration, counsel for plaintiffs directed the Court to *Crosby v. City of New York*, 269 F.R.D. 267 (S.D.N.Y. 2010). As they did not raise *Crosby* in either of their two prior briefs, Sanofi writes to address that case.

*Crosby* states that "the work-product doctrine articulated in *Hickman* [*v. Taylor* ] and its progeny … is broader than the protection supplied by Rule 26(b)(3)" and thus "may have application" on the facts before it, though the entity claiming protection was not a party to the case. 269 F.R.D. at 276-77. *Crosby* is a true outlier, and the Court should reject it.

A lengthy list of Circuit and district court cases supports the "plain language" interpretation of Rule 26 articulated in the authorities Sanofi has cited. For example, the Ninth Circuit, in *In re California Public Utilities Commission*, rejected work product protection because Rule 26(b)(3) "on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." 892 F.2d 778 (9th Cir. 1989) (citing cases). The Eleventh Circuit followed suit, holding that "the work product doctrine does

not apply to the" subject documents because "[b]y its plain text, Rule 26(b)(3) applies to documents or things prepared by or for another party or its representative." *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x. 263, 284 (11th Cir. 2009). The Sixth Circuit, in *Arkwright Mutual Insurabce Co. v. National Union Fire Insurance Co.*, found party status required because there is no "reason to conclude that Congress did not mean what it so plainly said" in Rule 26(b)(3). 19 F.3d 1432, at *4 (6th Cir. 1994); *see also In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997) (White House could not claim work product privilege for work generated for Mrs. Clinton).[1]

The *Crosby* court went astray for two reasons. *First*, it did not grasp that cases it cited for the principle that work product protection extends beyond Rule 26(b)(3) addressed **gaps** in the rule that needed to be filled. Two of the cases held that protection was broader than Rule 26 because **"intangible"** work product – unaddressed by Rule 26 – is also protected. *Abdell v. City of New York*, 2006 WL 2664313, at *2-3 (S.D.N.Y. 2006); *Maynard v. Whirlpool Corp.*, 160 F.R.D. 85, 87 (S.D.W.Va. 1995). Two others protected work product generated in **grand jury proceedings or criminal contexts**, which Rule 26 does not reach. *In re Grand Jury Subpoena*, 220 F.R.D. 130, 141 (D.Mass. 2004); *In re Grand Jury Subpoenas*, 318 F.3d 379, 383 (2d Cir. 2003). Another protects work product produced on behalf of a party who decided to sue one

---

[1] Each Court of Appeal relied on the Supreme Court's decision in *FTC v. Grolier*, 462 U.S. 19, 25 (1983), which stated that "the literal language of [Rule 26] protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *Id.* (emphasis in original). Though *Grolier's* "by or for a party" language was *dicta*, it could not be "lightly cast aside." *Tambourine Comercio*, 312 F. App'x at 284 n.30; *see also Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996) (court "bound by Supreme Court dicta almost as firmly as by the Court's outright holdings").

2

defendant, and not another. *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers*, 2002 WL 31296430, at *3 (S.D.N.Y. 2002).[2]

Second, *Crosby* took the liberty afforded by these gap-filling cases to protect work product in a way contravening Rule 26's plain language. But as the Sixth Circuit explained in *Arkwright*, "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" 19 F.3d 1432, at *4 (quoting *United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989)). In this context, the "'by or for a party language' of Rule 26(b)(3) **does not present** such a 'rare case,' because … the Advisory Committee Notes [do not] present any reason to conclude that Congress did not mean what it so plainly said." *Id.*

Here, there is **no gap** between Rule 26(b)(3) and the subject documents, which were created on behalf of non-parties in the lead-up to a civil discovery matter. This Court, numerous Courts of Appeal (citing the Supreme Court), Wright & Miller, and Moore's all agree that when it comes to **documents** and tangible things, Rule 26 requires party status. While the Seventh Circuit has not expressly ruled on the issue, it would likely follow suit, as it also adheres to the plain language rule of construction. *See Pittway Corp. v. United States,* 102 F.3d 932, 936 (7th Cir. 1996) (the "plain meaning of legislation should be conclusive") (quoting *Ron Pair Enters.*); *cf. Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996) ("if a **party**

---

[2] Other cases cited by *Crosby,* if correctly decided, are distinguishable. In *In re Student Fin. Corp.*, 2006 WL 3484387, at *10-11 (E.D. Pa. 2006) (another case raised by plaintiffs at oral argument), work product was created for a creditor who did not sue, but who exerted "a measure of control" over the "adversary action by the trustee" brought with the creditor's **"direct involvement" and "funds,"** for the creditor's "benefit. *Jean v. City of New York*, 2010 WL 148420, at *3 (E.D.N.Y. 2010) protected work product of a non-party District Attorney, given "the possibility of **further litigation** between the DA and the plaintiff." *FEC v. Christian Coalition*, 179 F.R.D. 22, 24 (D.D.C. 1998) simply granted a **"stipulated protective order"** between the FEC and a non-party. *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 772 (M.D.Pa. 1985) protected the work of a non-party insurer's with **potential liability** for plaintiff's injury.

demonstrates that materials in its possession that would otherwise be discoverable were prepared in anticipation of litigation, the materials are considered work product").

Here, the language of Rule 26(b)(3) could not be plainer. It affords protection to "documents and tangible things that are prepared in anticipation of litigation or for ***trial by or for another party*** or its representative." That language resolves this case.[3]

Dated: April 23, 2013 

Respectfully submitted,

/s/ *Scott M. Abeles*

| | |
|---|---|
| Colin R. Kass (admitted *pro hac vice*) | Steven R. Gilford |
| Scott M. Abeles (admitted *pro hac vice*) | Catherine J. Spector |
| PROSKAUER ROSE LLP | PROSKAUER ROSE LLP |
| 1001 Pennsylvania Ave., NW | 70 West Madison St., Suite 3800 |
| Washington, D.C. 20004 | Chicago, IL 60602 |
| T: (202) 416-6800 | T: (312) 962-3550 |
| F: (202) 416-6899 | sgilford@proskauer.com |
| ckass@proskauer.com | cspector@proskauer.com |
| sabeles@proskauer.com | |

*Attorneys for Sanofi Pasteur Inc.*

---

[3] *See also In re Elkins*, 2012 WL 4327044 (Bkrtcy. N.D.Ohio 2012) (applying plain language rule); *Dowling v. Arpaio*, 2011 WL 1456732 (D.Ariz. 2011); *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310 (N.D.Tex. 2009); *Bryant v. Ferrellgas, Inc.*, 2008 WL 2478319 (E.D.Mich. 2008); *U.S. v. Graham*, 555 F.Supp.2d 1046 (N.D.Cal. 2008); *James J. Binns, P.C. v. Flaster Greenberg, P.C.*, 2006 WL 2982141 (N.D.Ill. 2006); *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2003); *Ostrowski v. Holem*, 2002 WL 31956039 (N.D.Ill. 2002); *In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680 (N.D.Ga. 1998); *Loustalet v. Refco, Inc.*, 154 F.R.D. 243 (C.D.Cal. 1993); *Polycast Tech. Corp. v. Uniroyal, Inc.*, 1990 WL 138968 (S.D.N.Y. 1990); *Gomez v. City of Nashua*, 126 F.R.D. 432 (D.N.H. 1989).

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2013, I caused to be served, via the Court's Electronic Filing system, a copy of the foregoing document on:

<u>Counsel of Record for Movant Plaintiffs:</u>
Scott F. Hessell
Matthew T. Slater
Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
shessell@sperling-law.com
mslater@sperling-law.com

Daniel J. Walker
Zachary D. Caplan
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
dwalker@bm.net
zcaplan@bm.net

and by electronic mail to:

Rahsaan Sales
Assistant General Counsel
Navigant
30 South Wacker Drive, Suite 3550
Chicago, Illinois 60606
Rahsaan.sales@navigant.com

Peter Pearlman
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West, Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
psp@njlawfirm.com

            Respectfully submitted,

            /s/ *Scott M. Abeles*
            Scott M. Abeles