**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
NORTHERN DIVISION**

| | | |
|---|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | Civ. Action No. 13-cv-2086 |
| Plaintiffs | ) ) ) | Honorable John J. Tharp, Jr. Magistrate Judge Susan E. Cox |
| v. | ) ) | ECF CASE |
| SANOFI PASTEUR INC., | ) ) | |
| Defendant. | ) ) | |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**</u>

Sanofi Pasteur Inc. ("Sanofi") brings this motion to compel production of the documents in Navigant's possession that pre-date the existence of an attorney-client relationship between Dr. Castro and Berger & Montague ("B&M), in accordance with this Court's April 9, 2013 and April 19, 2013 Orders ("the Orders"). This motion is necessary because Navigant – though it has no substantive objection to the subpoena – refuses to produce documents unless expressly ordered to do so by the Court, or by its client, B&M.

Navigant grounds its refusal in an undisclosed contractual commitment it allegedly owes B&M. Any such obligation does not, of course, trump a valid subpoena, let alone one whose validity has been examined in detail and become the subject of a written opinion. By electing non-compliance, Navigant effectively seeks to provide plaintiffs with a "stay pending appeal" of the Orders. Doing so is improper. If plaintiffs

believe they deserve a stay, and if they intend to appeal, they may move for an appropriate interim *protective order*. Commanding its client's defiance is no substitute.

But there are no grounds for such a protective order, which may explain why plaintiffs have not sought one. None of the factors in the familiar four-factor test used in evaluating the need for a stay pending appeal can be satisfied here.

Accordingly, Sanofi respectfully requests an order compelling Navigant to produce, within seven days, all responsive documents pre-dating the existence of an attorney-client relationship between Dr. Castro and B&M; a privilege log for all documents withheld because they were created after this operative date; and documents that support the choice of this operative date.

## I.    BACKGROUND.

The background to this dispute was discussed at length in Sanofi's first opposition brief and this Court's April 19th Opinion ("Op."). *See* Dkt. Nos. 11, 33. In sum, Sanofi issued a subpoena to Navigant on February 26, 2013, seeking documents relevant to whether Novartis has been foreclosed from the alleged meningitis vaccine market, or whether Novartis has sought to use the antitrust laws to limit price competition. *See* Ex. 1. *Plaintiffs* in the underlying suit (not Navigant) moved to quash the subpoena as to certain documents that evidence a conspiracy by and between B&M, Novartis, and Navigant to "bring Sanofi to its knees" by instigating the underlying action. For its part, Navigant objected to the subpoena based on "contractual obligations" owed plaintiffs' counsel, but said it would produce as "*guided by the court's ruling* on Plaintiffs' counsels' motion to quash and/or for a protective order." Ex. 2 (emphasis added).

On April 9, 2013, this Court denied plaintiffs' motion to quash, rejecting plaintiffs' burden, relevance, and work product doctrine arguments. On April 19, 2013,

this Court denied plaintiffs' motion for reconsideration, concluding – after reviewing a small sample of documents (handpicked by plaintiffs) *in camera* – that the documents "reflect, as Sanofi maintains, the nature of the relationship and endeavor that B&M, Navigant, and Novartis were undertaking." Op. at 6, Dkt. No. 33.

Sanofi then conferred with Navigant over the latter's plan for production. Navigant informed Sanofi's counsel that it needed to discuss the issue with B&M, from whom it intended to take direction. Navigant also noted that B&M *still* had not disclosed to Navigant the date on which Dr. Castro retained B&M, and so could not comply with this Court's order even if it *wanted* to.

On April 25, 2013, Navigant told Sanofi that it had spoken with B&M. Navigant said it would not produce the documents because B&M was still evaluating whether to appeal the Orders. Navigant then confirmed that it would not produce to Sanofi without B&M's permission unless ordered to do so by the Court. Navigant argued that it had to take this position based on its contractual commitments to B&M. Asked to produce the contractual language on which it relied, Navigant demurred. This motion followed.

## II.    NAVIGANT'S CONTRACTUAL OBLIGATIONS DO NOT TRUMP THIS COURT'S AUTHORITY.

Navigant's alleged (but undisclosed) contractual obligations to B&M are not grounds to resist an otherwise valid subpoena. A "confidentiality agreement" may not "be used to prevent an individual from providing" discovery in response to "a subpoena." *See Amari Co., v. Burgess*, 546 F. Supp. 2d 571, 582 (N.D. Ill. 2008). Put simply, "[p]arties cannot create a privilege against civil discovery by mere written agreement." *Sonnino v. Univ. of Kansas Hosp. Auth.*, 2004 WL 769325, at *3 (D. Kan. 2004). As the Seventh Circuit has explained, one may not "excuse or disable himself" from subpoena

compliance by "signing a contract," because a "private contract" cannot "trump a subpoena." *E.E.O.C v. Severn Trent Svcs., Inc.*, 358 F.3d 438, 441-43 (7th Cir. 2004).[1]

While Sanofi does not have access to the precise language of the contractual provision on which Navigant relies, it is exceedingly *unlikely* that it expressly bars Navigant from compliance with the Federal Rules of Civil Procedure and/or a subpoena issued by the Court. Most confidentiality agreements contain an *exception* that permits disclosure pursuant to a valid subpoena, if the subpoenaed party provides *notice* to the client so that the *client* may take steps to protect its interests.[2]

Here, Navigant is using its retention agreement to go *beyond* mere notice. It seeks to delay production – not pending the reasonable notice of the subpoena's issuance – but pending an actual *order* directing Navigant to comply with it. But the subpoena itself constitutes compulsory process. It cannot be disregarded simply because the subpoenaed party (or rather its principal) wants a separate court order on top of the subpoena. *See S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) (rejecting argument that an "intervening court order" is required because "defiance of a subpoena is [itself] an act in defiance of a court order.").

Thus, once it gave *notice* to B&M, Navigant could no longer rely on a confidentiality commitment to resist compliance. At that point, it became B&M's obligation to seek court protection. And it did, filing a motion to quash. But having filed

---

[1] *See also JAB Distribs., LLC v. London Luxury, LLC*, 2010 WL 4008193, at *4 (N.D. Ill. 2010) (confidentiality agreements do not excuse discovery non-compliance); *Grumman Aerospace Corp. v. Titanium Metals Corp. of Am.*, 91 F.R.D. 84, 87 (E.D.N.Y. 1981) (same); *In re C.R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 287 F.R.D. 377, 384 (S.D. W. Va. 2012) (same).

[2] It should be noted that a contracting party's "potential liability for breaching a[] contractual duty is irrelevant" to whether a valid subpoena should be enforced. *Niester v. Moore*, 2009 WL 2179356, at *3 (E.D. Pa. 2009). Moreover, any such threats or suits by plaintiffs would be "beyond frivolous; they would be obstructions of justice." *Severn Trent Svcs.,* 358 F.3d at 442-43.

and lost, B&M was not entitled to direct Navigant to continue resisting the subpoena. Rather, if B&M wanted to continue to try to delay production of the Navigant documents pending appeal, it should have sought to do so in a straightforward manner, by seeking an interim protective order from this Court. This alone is reason enough to compel immediate production of the subpoenaed documents.

## III. ENFORCEMENT OF THE SUBPOENA SHOULD NOT BE STAYED PENDING APPEAL OF THE DENIAL OF THE MOTION TO QUASH.

Navigant should also be compelled to produce the subpoenaed documents because, even if plaintiffs intend to appeal, and even if they followed proper procedures, they cannot satisfy the standards for an interim protective order staying production pending appeal. A stay pending appeal is "an extraordinary remedy." *Kuri v. Edelman*, 491 F.2d 684, 687 (7th Cir. 1974). To warrant such relief, plaintiffs would need to show (i) a "strong" likelihood of success on the merits; (ii) irreparable injury; (iii) disproportionate hardship; and (iv) public benefit. *See generally Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (setting forth factors). Here, plaintiffs cannot satisfy any of these elements.

### A. *Plaintiffs Lack a Likelihood of Success on Appeal.*

There is no likelihood that plaintiffs will prevail on appeal, should they bring one. This Court applied the plain meaning of Rules 26(b)(3) and 26(b)(4) in concluding that neither applied before counsel's retention by a party. In so holding, the Court relied on guidance from the Supreme Court and the Seventh Circuit, and the *holdings* of numerous Circuit and district courts. *See* Op. at 4, Dkt. No. 33 (citing *LG Elecs., Inc. v. Motorola, Inc.*, 2010 WL 4513722, at *3 (N.D. Ill. 2010), *Upjohn Co. v. United States*, 449 U.S. 383, 398 (1981), and *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 25 (1983)); *see also Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 19 F.3d 1432, at *4 (6th Cir. 1994); *In re*

*Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997); *In re California Pub. Utils. Comm'n*, 892 F.2d 778 (9th Cir. 1989); *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 284 (11th Cir. 2009).

Plaintiffs have cited no appellate court decisions to the contrary. As such, it is quite unlikely the Seventh Circuit will reverse this Court's ruling.

### B.     *Plaintiffs Cannot Establish Irreparable Injury.*

Plaintiffs cannot establish irreparable injury for at least two reasons.  *First*, since privileged documents can always be returned if any appeal is successful, the mere disclosure of them does not cause irreparable injury.  *See, e.g.*, *Jicarilla Apache Nation v. United States*, 91 Fed. Cl. 489, 494-95 (Fed. Cl. 2010) (no irreparable harm where, in the event of reversal, "the court could order plaintiff to return to defendant the documents covered by the production order"). This conclusion is buttressed by Rule 26 itself, which was amended to provide for the return of inadvertently produced documents. *See* Fed. R. Civ. P. 26(b)(5)(B). As one court explained, the rule's drafters "hardly felt that the temporary provision of documents ultimately determined to be covered by a privilege would lead to irreparable harm."  *Jicarilla*, 91 Fed. Cl. at 494.

*Second*, plaintiffs cannot establish irreparable injury because the entity supposedly injured by disclosure (Dr. Castro) does not have a *protectable* interest in the Navigant *documents*.  Their immediate disclosure may reduce Dr. Castro's likelihood of winning *her* case. But, by definition, these documents were created before she became involved, so her interests are not at issue.  The same is true of the other *named* plaintiffs.

Conversely, the alleged entity with an arguably protectable interest in the *documents* has no interest in the underlying *litigation*. The undisclosed, non-party client on whose behalf B&M was supposedly acting is not party to the litigation (and, in fact, is

not even before this Court). Thus, this alleged client is not hurt even if disclosure helps Sanofi win its case against Dr. Castro.

Rather, this mystery client's interest – if it has one – is limited to vindicating the principle that the work product doctrine can be invoked by non-parties. But "principle vindication" is not the same as "irreparable injury." The principle, if meritorious, can be vindicated by the appeal *regardless* of whether Navigant produces the documents now. Because the Seventh Circuit will resolve the issue for future cases, the client's interests in "principle vindication" is protected by the appeal, and unaffected by Navigant's timely production of the documents for *use in this case* in the interim. Accordingly, plaintiffs will be unable to demonstrate irreparable injury.

### C. The Balance of Hardships Favors Immediate Disclosure of the Navigant Documents.

The balance of hardships also favors immediate disclosure. After reviewing just a *sample* of the Navigant documents in camera, this Court noted that they "may well be relevant to both the substance and credibility of [plaintiff] Castro's claims of foreclosure," a central issue in this litigation. Op. at 5. Because the close of discovery is fast approaching, delayed disclosure will almost certainly unduly prejudice and tactically disadvantage Sanofi by closing off access to critical, if not exculpatory, evidence in Navigant's possession.[3]

In contrast, plaintiffs will suffer no harm by immediate disclosure, even if the Seventh Circuit later concludes that such documents are privileged. As noted above, the named plaintiffs do not have any interest in the documents or the pre-retention

---

[3] The close of fact discovery is currently in flux. It was slated to close on June 3, 2013. But in light of the plaintiffs' request for a four-month extension, the Court is holding all scheduled dates in abeyance pending a status conference later this week.

information at issue. Even if they did, this Court could order the return of the documents on remand. Thus, the named plaintiffs will not suffer any hardship. The same is true for the undisclosed, non-party client on whose behalf B&M purportedly acted.

### D. The Public Interest Favors Immediate Disclosure of the Navigant Documents.

The public interest *strongly* favors immediate disclosure. In ruling on whether disclosure should be stayed pending appeal, this Court will have to consider the impact of its ruling on the judicial truth-finding both *in this particular case* and in *future* cases. Ordering the immediate disclosure of the Navigant documents substantially advances the former, without adversely impacting the latter.

The documents relate to events that have already taken place, which pre-date the filing of suit or Dr. Castro's involvement with it. Thus, ordering disclosure will not chill *any* trial preparation activities *in this case* going forward. And it certainly cannot *undo* the trial preparation activities that have already taken place. All disclosure will do is shine sunlight on the facts relating to the critical issue of foreclosure. This will unambiguously improve judicial fact finding in this case – one with the potential to *fundamentally* alter how vaccines are distributed and sold in the United States.

In contrast, immediate disclosure will not impact judicial fact finding in *future* cases. In the event of an appeal, the Seventh Circuit's ruling may impact – one way or the other – what non-party clients and their attorneys may do in the future without fear of detection. But the interim production of the Navigant documents will not have any such impact, since the Seventh Circuit's decision will govern. Thus, the public interest strongly favors the immediate production of the Navigant documents.

## IV.   NAVIGANT SHOULD BE REQUIRED TO IMMEDIATELY PRODUCE ALL DOCUMENTS.

This Court should also specify deadlines for compliance with the subpoena in accordance with this Court's April 9th and 19th Orders.  The Orders required Navigant to produce all responsive documents created before the establishment of an attorney-client relationship between Dr. Castro and B&M.

Because B&M has not yet revealed this date (despite multiple requests from Sanofi over many months), this Court has not yet established the operative date with precision.  Navigant claims not to know the operative date either.  Thus, Navigant must rely on B&M's counsel to comply with the Orders.  But B&M is not under court order to disclose this information to Navigant, let alone to do so quickly.

The best way to address this problem is to require Navigant to produce, along with the subject documents, the retention agreement and other documentation evidencing the start of the attorney-client relationship between Dr. Castro and B&M.  To the extent Navigant does not have such documents, the Court should order Dr. Castro (who remains before the Court) to produce such documents to Navigant and/or Sanofi.

## CONCLUSION

For the foregoing reasons, this Court should grant Sanofi's motion, and order Navigant to produce within seven days (i) all documents responsive the subpoena in accordance with this Court's April 9, 2013 and April 19, 2013 orders; (ii) a privilege log reflecting all documents withheld because they post-date the establishment of an attorney-client relationship between Dr. Castro and B&M; and (iii) the retention agreement (and any other supporting documentation) reflecting the date on which the attorney-client relationship between Dr. Castro and B&M first arose.  To the extent

Navigant does not have such documents, the Court should order Dr. Castro (who remains before the Court) to produce such documents to Navigant and/or Sanofi.

Dated: April 30, 2013

Respectfully submitted,

/s/ *Scott M. Abeles*

| | |
|---|---|
| Colin R. Kass (admitted *pro hac vice*) | Steven R. Gilford |
| Scott M. Abeles (admitted *pro hac vice*) | Catherine J. Spector |
| PROSKAUER ROSE LLP | PROSKAUER ROSE LLP |
| 1001 Pennsylvania Ave., NW | 70 West Madison St., Suite 3800 |
| Washington, D.C. 20004 | Chicago, IL 60602 |
| T: (202) 416-6800 | T: (312) 962-3550 |
| F: (202) 416-6899 | sgilford@proskauer.com |
| ckass@proskauer.com | cspector@proskauer.com |
| sabeles@proskauer.com | |

*Attorneys for Sanofi Pasteur Inc.*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 37.2</u>

Pursuant to Local Rule 37.2, the undersigned counsel for Sanofi certifies as follows:

On March 26, 2013, Navigant informed Sanofi by letter that it would produce the subject documents in accordance with its contractual obligations to plaintiffs' counsel, and would be "guided by the court's ruling on Plaintiffs' counsel's motion to quash and/or for a protective order." Ex. 2. The Court denied plaintiffs' motion to reconsider its April 9 Order on April 19th. Sanofi forwarded the Court's Orders to Navigant after both the April 9th and 19th decisions. On April 23, 2013, Navigant and Sanofi held a telephonic meet and confer to discuss Navigant's production. Navigant and Sanofi again conferred by telephone on April 25, 2013, and Navigant informed Sanofi it would not produce the subject documents absent a court order. Despite good faith attempts to reach a resolution, Sanofi and Navigant are unable to reach an accord. Based on, among other things, the approaching discovery deadlines in the case, Sanofi notified Navigant that it would file a motion to compel. Navigant agreed to accept service.

Dated: April 30, 2013                                    Respectfully submitted,


                                                         /s/ *Scott M. Abeles*
                                                         Scott M. Abeles

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on April 30, 2013, I caused to be served by electronic mail, a copy of the foregoing document to:

        Rahsaan Sales
        Assistant General Counsel
        Navigant
        30 South Wacker Drive, Suite 3550
        Chicago, Illinois 60606
        Rahsaan.sales@navigant.com

        Peter Pearlman
        Cohn Lifland Pearlman Herrmann & Knopf LLP
        Park 80 West, Plaza One
        250 Pehle Avenue, Suite 401
        Saddle Brook, New Jersey 07663
        psp@njlawfirm.com

and via the Court's Electronic Filing system, to:

        <u>Counsel of Record for Plaintiffs:</u>
        Scott F. Hessell
        Matthew T. Slater
        Sperling & Slater, P.C.
        55 West Monroe Street, Suite 3200
        Chicago, Illinois 60603
        shessell@sperling-law.com
        mslater@sperling-law.com

        Daniel J. Walker
        Zachary D. Caplan
        Berger & Montague, P.C.
        1622 Locust Street
        Philadelphia, Pennsylvania 19103
        dwalker@bm.net
        zcaplan@bm.net

        Respectfully submitted,

        /s/ *Scott M. Abeles*

        Scott M. Abeles