# Exhibit 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A., et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:11-cv-07178(JLL)(MAH) |
| SANOFI PASTEUR INC. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | District of New Jersey ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Navigant Economics
30 S. Wacker Drive, 34th Floor, Chicago, IL 60606

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See "ATTACHMENT A"

| Place: Proskauer Rose, LLP<br>Three Frist National Plaza, 70 West Madison, Ste. 3800<br>Chicago, IL 60602-4342 | Date and Time: Objections: 3/14/13<br>Production: 3/14/13 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___02/26/2013___

CLERK OF COURT
                                        OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Sanofi Pasteur Inc.___
_____ , who issues or requests this subpoena, are:

Colin Kass, Esq.
Proskauer Rose, LLP, 1001 Pennsylvania Ave., NW, Suite 400 South, Washington, DC 20004-2533
ckass@proskauer.com; (202)416-6890

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:11-cv-07178(JLL)(MAH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case: 1:13-cv-02086 Document #: 36-1 Filed: 04/30/13 Page 4 of 15 PageID #:281

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

I. **DEFINITIONS**

1. "Concerning" and "relating to" are used in their broadest possible sense and mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reflecting, reporting, stating, or summarizing.

2. "Communication" means any and all exchanges of information between two or more persons by any medium, including but not limited to meetings, telephone conversations, correspondence, memoranda, emails, texts, instant messaging, voicemails, contracts, agreements, computer, or verbal actions intended to or actually conveying any information or data.

3. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations and drafts. The term "document" includes originals and all copies.

4. "Include" and "including" mean "including but not limited to." The use of the term "include" in any Specification shall not be used to limit the generality or scope of any Specification. Nor shall the generality of any Specification be limited by the fact that another Specification touches on the same topic with a greater or lesser degree of specificity.

5. "AAI" means American Antitrust Institute, including any of its subsidiaries, affiliates, predecessors, or successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities.

6. "CREW" means Citizens for Responsibility and Ethics in Washington, including any of its subsidiaries, affiliates, predecessors, or successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities.

7. "Counsel of record" means: Peter S. Pearlman, David F. Sorensen, Eric L. Cramer, Daniel J. Walker, Zachary D. Caplan, Linda P. Nussbaum, Stephen Connolly, Kendall S. Zylstra, Richard Schwartz, Michael J. Gavin, Jason Andrew, Kevin B. Love, Peter A. Barile III, Adam Steinfeld, Roberta D. Liebenberg, Paul Costa, Adam Pessin, John D. Radice, Daniel C. Simons, James E. Cecchi, Lindsey H. Taylor, Joshua P. Davis, Barry S. Taus, Brett Cebulash, Douglas G. Thompson, Michael McClellan, Bradley J. Demuth, David Balto, Michael E. Criden, Anthony J. Bolognese, Joshua H. Grabar, Steve D. Shadowen, and Anne Fornecker.

8. "Plaintiffs' Counsel" means any partner, shareholder, associate, employee, or agent of any firm representing, or supporting the interests of, plaintiffs or Novartis, including without limitation: (1) Cohn, Lifland, Pearlman, Herrmann & Knopf, LLP; (2) Grant & Eisenhofer, P.A.; (3) Berger & Montague, P.C.; (4) Faruqi & Faruqi, LLP; (5) Law Offices of Joshua P. Davis; (6) Taus Cebulash & Landau, LLP; (7) Hilliard & Shadowen, LLC; (8) Finkelstein Thompson LLP; (9) Criden & Love, P.A.; (10) Law Offices of David Balto; (11) Fine, Kaplan and Black, RPC; (12) Bolognese & Associates, LLC; (13) Carella, Byrne, Cecchi, Olstein, Brody & Agnello; (14) Radice Law Firm, P.C.; (15) Gavin Law LLC; (16) Novartis; (17) AAI; (18) CREW; (19) any named plaintiff; or (20) any counsel of record. For avoidance of doubt, the term "Plaintiffs' Counsel" includes persons who are officers, directors, members, advisors, employees, affiliates, lawyers, consultants, or agents of any of the above listed entities even if they are not acting in such a capacity with respect to the specific document being sought by this subpoena.

9. "Novartis" means (i) Novartis AG, including any of its subsidiaries, affiliates, predecessors, or successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities; (ii) Novartis Corporation, including any of its subsidiaries, affiliates, predecessors, successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities; (iii) Novartis Vaccines and Diagnostics, Inc., including any of its subsidiaries, affiliates, predecessors, successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities.

10. "Navigant" or "you" means Navigant Economics including any of their subsidiaries, affiliates, predecessors, or successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities.

11. "Named plaintiff" means any of the following persons or entities: Adriana M. Castro, M.D., P.A.; Sugartown Pediatrics, LLC; Marquez and Bengochea, M.D., P.A.; or any owner, partner, shareholder, member, employee, officer, director, or agent of such entities.

12. "GSK" means GlaxoSmithKline LLC, including any of its subsidiaries, affiliates, predecessors, or successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities.

13. "Merck" means Merck & Co., Inc., including any of its subsidiaries, affiliates, predecessors, or successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities.

14. "Sanofi" means Sanofi Pasteur, Inc., including any of its subsidiaries, affiliates, predecessors, or successors, and any person acting in his or her capacity as an employee, officer, director, or agent of such entities. For purposes of these Specifications only, the term Sanofi also includes VaxServe.

15. "Relevant vaccine" means pediatric vaccines for hepatitis A, hepatitis B, diphtheria, pertussis, tetanus, poliovirus, streptococcus pneumonia, haemophilus influenzae type b, rotavirus, measles, mumps, rubella, varicella virus, meningococcal disease, human papillomavirus, and influenza. Without limitation, the term "relevant vaccine" includes vaccines sold under the following trade names: Daptacel, Pentacel, Adacel, IPOL, ActHIB, Menactra, Menomune, Fluzone, Engerix B, Twinrix, Pediarix, Infanrix, Kinrix, Boostrix, MenHibrix, Hiberix, Rotarix, Havrix, Cervarix, Fluarix, Recombivax, Comvax, Pneumovax, PedvaxHIB, RotaTeq, ProQuad, MMRII, Varivax, Vaqta, Gardasil, Afluria, Menveo, Fluvirin, FluMist, and Prevnar.

16. "Relevant topic" means Sanofi, Merck, GSK, Novartis, AAI, CREW, the named plaintiffs, or any relevant vaccine.

## II. INSTRUCTIONS

For purposes of these Specifications, unless otherwise agreed, the following instructions will apply:

1. Your written responses and objections are due no later than 14 days following service of the subpoena.

2. Unless otherwise agreed, all responsive documents shall be produced at the offices of Proskauer Rose LLP, Three First National Plaza, 70 West Madison, Suite 3800, Chicago, IL, 60602-4342. Such documents shall be produced on a rolling basis, and all responsive documents in existence at the time the subpoena was served shall be produced no later than 30 days following service of the Subpoena.

3. In responding to this Subpoena, you shall produce all responsive documents that are in your possession, custody, or control, or in the possession, custody, or control of your

predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of their respective officers, directors, employees, agents, attorneys, accountants, or other representatives. A document shall be deemed to be within your control if you have the legal right to secure the document or a copy of the document from another person having possession or custody of the document.

4. Unless otherwise specified, each Specification calls for documents created during, in effect at any time during, or relating to the period from January 1, 2010 to the present. In responding to this subpoena, you may exclude communications directly between Navigant and Plaintiffs' Counsel occurring after December 9, 2011, unless such communication also involved any other person, such as Novartis.

5. Unless otherwise specified, you may exclude documents relating to any engagement or retention by plaintiffs' counsel, Navigant, GSK, or Merck that does not relate to Sanofi or vaccines. If there are other specific engagements that are unrelated to the transactions or occurrences at issue in this lawsuit but are nonetheless responsive to this subpoena, Sanofi is prepared to confer with Navigant over an appropriate exclusion.

6. Each Specification is to be answered fully, unless it is in good faith objected to, in which event the reasons for all of the objections shall be stated in detail. If an objection pertains to only a portion of a Specification, or to a word, phrase, or clause contained within such Specification, state the objection to that portion only and respond to the remainder of the Specification. You may not fail to respond to a part of a Specification merely because you object to another part of the Specification.

7. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for, review of,

response to, or production of any document or Specification. If you are withholding responsive information pursuant to any general objection, you must so expressly indicate. If, in answering any Specification, you claim any ambiguity in interpreting either the Specification or a definition or instruction applicable thereto such claim shall not be used by you as a basis for refusing to respond. Instead, you must set forth as part of your response the language deemed to be ambiguous and the interpretation you used or intend to use in responding to the Specification.

8. When a Specification seeks production of "all documents" of a particular type, You must produce each and every responsive document, including any copies of documents that may exist. However, you may elect not to produce multiple copies of *identical* documents so long as you provide a source log identifying in whose files each withheld copy was found. Also, in lieu of producing original documents, you may elect to produce a legible copy of each document specified. Any such copy must be identical to the original. You may also elect to produce black and white copies of color documents (i) if doing so will not impair the readability or legibility of such document, and (ii) subject to later production of the color version if requested by Sanofi.

9. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Subpoena. Documents attached to each other must not be separated. All documents produced shall include all attachments affixed or related to them. Documents shall be produced in such a fashion as to identify the place where each document was located and, where applicable, the natural person in whose possession it was found. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

10. If there are no documents responsive to a Specification, You must expressly state that fact.

11. You must search both hard-copy documents and electronically-stored information ("ESI"), including e-mails, documents, presentations, spreadsheets, databases, telephone record logs, diaries, calendars, and all other documents, information, or data stored in electronic form.

12. The parties should confer to discuss the format for the product of ESI prior to production. Unless otherwise agreed, however:

    a. E-mails and other ESI should be produced with all metadata, including the following standard metadata fields: Bcc, Cc, Subject, Author, Sent Time, Recipient, Received Time, Begdoc, Enddoc, Begattach, Endattach, and Attachment Name.

    b. All database information and spreadsheets should be produced in a native, readable, searchable, exportable format, or pursuant to an agreed upon protocol.

    c. Documents other than database information and spreadsheets may be produced by rendering a tiff image of such document.

    d. All "parents," "children," "attachments," and other documents associated with any other responsive document must be produced in their entirety. For example, if one attachment to an email is responsive, the responsive attachment, the email itself, and all other attachments must be produced.

13. Each document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether you consider the entire document to be relevant or responsive to these Specifications.

14. If you have redacted any portion of a document, stamp the word "redacted" on each area of the document that you have redacted. Privileged redactions must be included on a privilege log; non-privileged redactions must also be included on a log describing the basis for the redaction.

15. If you seek to withhold production of any document on the grounds of the attorney-client privilege, the work product immunity, or any other privilege or immunity, you must provide a privilege log describing the basis for the claim of privilege and all information necessary for Sanofi and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). Separately, for each document and attachment withheld or redacted, the log shall include the following (i) the date or estimated date that the document was authored or generated; (ii) the identity of each author of the document; (iii) the identity of each addressee or recipient of a copy of the document; (iv) the identity of each person who at any time has read or had possession of the document or of any copy thereof; (v) the nature of the privilege (including work product or attorney-client privilege); (vi) all grounds for any claim that the document is privileged or otherwise protected from discovery, in sufficient detail so as to allow for resolution of the propriety of such claim; and (vii) for each document or attachment withheld under a claim of attorney work-product protection, the identity of the specific litigation or regulatory proceeding that was anticipated or pending to which such document or attachment relates. For each person listed, the log shall include the person's full name, address, job title, and employer or firm, and shall denote all attorneys with an asterisk ("*"). Where a document has been redacted, identify the bates number of the produced version of the document.

16. An attachment to a document must be entitled to privilege in its own right in order for you to withhold it from production. If an attachment is responsive and not privileged in its own right, it must be produced. You shall provide all non-privileged portions of any responsive document for which a claim of privilege is asserted, noting where redactions in the document have been made.

17. Whenever necessary to bring within the scope of a Specification a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

    a. Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Specification more inclusive;

    b. Construing the singular form of any word to include the plural and the plural form to include the singular;

    c. Construing the past tense of any verb to include the present tense and the present tense to include the past tense;

    d. Construing the masculine form to include the feminine form;

    e. Construing the term "date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and

    f. Construing negative terms to include the positive and vice versa.

18. All words not defined in the Definitions shall be construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning that would make a document be covered by the Specification should be used, unless you provide written notice of the specific ambiguity and state the definition of the word used to exclude the document from the scope of the Specification.

## III. SPECIFICATIONS

1. Documents sufficient to identify every officer, director, managing director, board member, employee, agent, principal, or affiliated expert or consultant who has had any involvement, or responsibility or has performed any work or any services in connection with any relevant topic.

2. All documents relating to any relevant topic prepared prior to December 9, 2011 provided to or received from Plaintiffs' Counsel. For avoidance of doubt, this includes all communications between Hal Singer and Plaintiffs' Counsel relating to any relevant topic prior to December 9, 2011, and any individuals working for or with Dr. Singer and/or Plaintiffs' Counsel.

3. All documents relating to any relevant topic provided to or received from Novartis. For avoidance of doubt, this includes any documents or data provided by Novartis relating to meningococcal vaccines. This also includes any communication in which Novartis was copied or bcc'd.

4. All documents relating to any relevant topic provided to or received from any of the following: (i) CREW, (ii) AAI, (iii) GSK; or (iv) the Federal Trade Commission. For avoidance of doubt, this includes any communication in which any of these entities was copied or bcc'd. For avoidance of doubt, this also includes, in the case of CREW and/or AAI, documents provided to or received from any officer, director, committee member, employee, or advisor to those organizations.

5. All documents concerning the paper by Kevin W. Caves and Hal J. Singer, entitled "Bundles in the Pharmaceutical Industry: A Case Study of Pediatric Vaccines" (August 11, 2011), including but not limited to retention agreements, drafts, communications concerning unpublished drafts, anything relied upon to create the paper or unpublished drafts of the paper, and work product generated while creating the paper or unpublished drafts of the paper.

6. All documents concerning the paper by Kevin Caves and Hal Singer, entitled "Assessing Bundled and Share-Based Loyalty Rebates: Application to the Pharmaceutical Industry" (2012), including but not limited to retention agreements, drafts, communications

concerning unpublished drafts, anything relied upon to create the paper or unpublished drafts of the paper, and work product generated while creating the paper or unpublished drafts of the paper.

7. All communications with Plaintiffs' Counsel concerning any published, publicly available, or draft article, paper, or study discussing bundling, loyalty discounts, or any relevant topic.

8. Documents sufficient to show the amount paid by Novartis to Navigant in connection with any research, article, paper, study, or report (excluding any expert report filed with a court) concerning any relevant topic.

Dated: February 26, 2013
        Washington, D.C.

                                      Colin Kass
                                      PROSKAUER ROSE LLP
                                      1001 Pennsylvania Avenue, NW
                                      Suite 400 South
                                      Washington, DC 20004-2533
                                      T: (202) 416-6890
                                      F: (202) 416-6899
                                      ckass@proskauer.com

                                      *Attorney for Sanofi Pasteur Inc.*