**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs**,** <br><br> v. <br><br> SANOFI PASTEUR INC., <br><br><br> Defendant. | Case No. 13-cv-2086 <br><br> Honorable John J. Tharp, Jr. |

**NOTICE OF APPEAL**

NOTICE is hereby given that Adriana M. Castro, M.D., P.A. and Sugartown Pediatrics, LLC, *et al.*, on behalf of themselves and all other similarly situated plaintiffs in the above-named case, hereby appeal to the United States Court of Appeals for the Seventh Circuit from the final decision (Memorandum Opinion and Order) entered in this action on the 19th day of April, 2013 [Doc. 33].

Dated: May 3, 2013

| | |
|---|---|
| Daniel J. Walker <br> Zachary D. Caplan <br> **BERGER & MONTAGUE, P.C.** <br> 1622 Locust Street <br> Philadelphia, PA 19103 <br> Tel: (215) 875-3000 <br> Fax: (215) 875-4604 <br> dwalker@bm.net <br> zcaplan@bm.net | /s/ Scott F. Hessell _____ <br> Scott F. Hessell <br> Matthew Slater <br> **SPERLING & SLATER, P.C.** <br> 55 West Monroe Street, Suite 3200 <br> Chicago, IL 60603 <br> Tel: (312) 641-3200 <br> Fax: (312) 641-6492 <br> shessell@sperling-law.com <br> mslater@sperling-law.com |

Bradley J. Demuth
**GRANT & EISENHOFER, P.A.**
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8504
Fax: (646) 722-8501
bdemuth@gelaw.com

*On behalf of the Plaintiffs and the Proposed Class*

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 13 CV 2086

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Adriana M. Castro, et al., Appellants | | Sanofi Pasteur Inc., Appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Scott Forrest Hessell | Name | Steven Ross Gilford |
| Firm | Sperling & Slater, PC | Firm | Proskauer Rose LLP (70W) |
| Address | 55 West Monroe Street, Suite 3200 Chicago, IL 60603 | Address | 70 West Madison, Suite 3800 Chicago, IL 60602-4342 |
| Phone | (312) 641-3200 | Phone | (312) 962-3510 |

| Other Information | | | |
|---|---|---|---|
| District Judge | John J. Tharp, Jr. | Date Filed in District Court | 3/18/13 |
| Court Reporter | C. Cox, Ext. 5639 | Date of Judgment | 4/19/13 |
| Nature of Suit Code | 999 | Date of Notice of Appeal | 5/3/13 |

COUNSEL:  Appointed [ ]    Retained [X]    Pro Se [ ]

FEE STATUS:  Paid [X]    Due [ ]    IFP [ ]
            IFP Pending [ ]    U.S. [ ]    Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?    Yes [X]    No [ ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]    Denied [ ]    Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A). Rev 04/01**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, on behalf of themselves and all others similarly situated,<br>    Plaintiffs-Appellants,<br><br>v.<br><br>SANOFI PASTEUR INC.,<br><br>    Defendant-Appelle, | Case No. 13-cv-2086<br><br>Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 13-cv-2086, the Honorable John J. Tharp, Jr., presiding |

**PLAINTIFF-APPELLANTS' DOCKETING STATEMENT**

Plaintiff-Appellants, Adriana M. Castro, M.D., P.A. and Sugartown Pediatrics, LLC, ("Plaintiffs") *et al.*, on behalf of themselves and all others similarly situated plaintiffs hereby submit their Docketing Statement pursuant to Seventh Circuit Rule of Appellate Procedure 3(c)(1).

**I. District Court Jurisdiction**

The underlying action in this case was filed in the United States District Court for the District of New Jersey ("District of New Jersey"). Plaintiffs brought that action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, to recover treble damages, costs of suit, and reasonable attorneys' fees for violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. The District of New Jersey has subject matter jurisdiction pursuant to §28 U.S.C. §§ 1331 and 1337(a). As part of that litigation, the defendant Sanofi Pasteur, Inc. ("Defendant") issued a subpoena to non-party Navigant Consulting, Inc. ("Navigant"). That subpoena was issued out of the United States District Court for the Northern District of Illinois

("Northern District of Illinois") and demanded production of documents to a location in Chicago, Illinois. Thus, the Northern District of Illinois has jurisdiction over the Plaintiffs' motions to quash or modify the subpoena under Federal Rule of Civil Procedure 45(a)(2), which was enacted pursuant to 28 U.S.C. §2072.

**II.     Appellate Court Jurisdiction**

Pursuant to 28 U.S.C. § 1291, the United States Court of Appeals for the Seventh Circuit has jurisdiction over this appeal as an appeal of a final decision of the District Court. Plaintiffs appeal from the District Court's Memorandum Opinion and Order entered on April 19, 2013, which denied the Plaintiffs' motion to alter or amend the District Court's April 9, 2013 order denying Plaintiffs' motion to quash the Navigant subpoena. Plaintiffs' Notice of Appeal was filed contemporaneously, on May 3, 2013.

**III.    Prior or Related Appellate Proceedings**

There are no prior or related appellate proceedings in this case.

**IV.     Designation of Counsel of Record**

>Scott F. Hessell
>Matthew Slater
>SPERLING & SLATER, P.C.
>55 West Monroe Street, Suite 3200
>Chicago, IL 60603

**V.      Docketing Fee**

The appellate docketing fee and other required fees are being paid to the district court clerk concurrently with the filing of the Notice of Appeal on May 3, 2013.

Dated: May 3, 2013

| | |
|---|---|
| Daniel J. Walker<br>Zachary D. Caplan<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>Fax: (215) 875-4604<br>dwalker@bm.net<br>zcaplan@bm.net | /s/ Scott F. Hessell_____<br>Scott F. Hessell<br>Matthew Slater<br>**SPERLING & SLATER, P.C.**<br>55 West Monroe Street, Suite 3200<br>Chicago, IL 60603<br>Tel: (312) 641-3200<br>Fax: (312) 641-6492<br>shessell@sperling-law.com<br>mslater@sperling-law.com<br><br>Bradley J. Demuth<br>**GRANT & EISENHOFER, P.A.**<br>485 Lexington Avenue<br>New York, NY 10017<br>Tel: (646) 722-8504<br>Fax: (646) 722-8501<br>bdemuth@gelaw.com<br><br>*On behalf of the Plaintiffs and the Proposed Class* |

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 5.1.1**
**Eastern Division**

Adriana M. Castro, et al.
        Plaintiff,

v.              Case No.: 1:13−cv−02086
              Honorable John J. Tharp Jr.

Sanofi Pasteur Inc
        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, April 19, 2013:

  MINUTE entry before Honorable John J. Tharp, Jr:For the reasons stated in the Court's Memorandum Opinion entered this date, Plaintiffs' motion for reconsideration or clarification [21] is denied. Defendant's motion for leave to file Notice of Additional Authority [30] is granted, as the Court has reviewed the filing. The Court has also reviewed the in camera documents submitted by Plaintiffs. ENTER MEMORANDUM OPINION AND ORDER. (For further details see separate order)Mailed notice (air, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ADRIANA M. CASTRO AND ) | |
| SUGARTOWN PEDIATRICS, LLC ) | |
| ) | |
| Plaintiffs, ) | No. 13 C 2086 |
| ) | |
| v. ) | |
| ) | Judge John J. Tharp, Jr. |
| SANOFI PASTEUR INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On April 9, 2013, the Court entered an order on the motion of Plaintiffs Castro and Sugartown Pediatrics, LLC,[1] to quash a subpoena issued by Defendant Sanofi Pasteur Inc. ("Sanofi"). The subpoena sought the production of documents from Navigant Consulting, Inc., pertaining to its communications with Berger & Montague ("B&M"), Castro's counsel. Plaintiffs' objections to the subpoena centered on FRCP 26(b)(3) and the work product doctrine. Sanofi maintains that these documents are relevant because they show that the Plaintiffs' antitrust claim—that Sanofi has foreclosed competitor Novartis from the market—was manufactured by Novartis, with the assistance of Navigant and B&M, as a means of limiting price competition.[2]

---

[1] Plaintiffs indicate in their motion for reconsideration that there is a third named plaintiff in this case, Marquez & Bengochea, M.D., P.A. The motion to quash did not, however, refer to Marquez & Bengochea. For simplicity, unless specific reference to Sugartown Pediatrics or Marquez & Bengochea is required, the Court will refer only to plaintiff Castro.

[2] The following brief description of Castro's claims is taken from the opinion of the District Judge presiding over Castro's lawsuit on Sanofi's motion for entry of final judgment or leave to file interlocutory appeal of dismissal of counterclaim (Dkt. 169, 11 C 7178, D.N.J., at 2) (internal record citations omitted):

The Court denied the motion to quash, holding that responsive documents in Navigant's possession that pre-date the creation of an attorney-client relationship between Castro and B&M do not qualify for work product protection because, by definition, they could not have been prepared in anticipation of litigation at a point when Castro was not yet B&M's client. The Court therefore directed that Sanofi modify the subpoena to cover only otherwise responsive documents created before Castro retained B&M.[3]

Due to confusion arising because Castro's motion had not been properly noticed as required by Local Rule 5.3, counsel from B&M were not present when the Court ruled on the motion to quash the subpoena. The Court therefore invited Castro to submit a motion for reconsideration in the event that she objected to the Court's order. Castro has submitted that motion, to which Sanofi has responded.

Castro seeks two modifications to the Court's order. First, she asks that the order be modified to preclude discovery of documents created before any other client retained B&M to represent them in connection with potential litigation against Sanofi. B&M represents that "Dr.

---

> In the FAC, Plaintiffs allege that Sanofi used its market power across all relevant markets to impose bundled-pricing contracts on PBGs [Physician Buying Groups] as a means of stifling competition from Sanofi's rivals. Thus, under Sanofi's "exclusionary contracts with PBGs," buyers are allegedly penalized for purchasing any vaccine that Sanofi offers from one of Sanofi's competitors. In their FAC, Plaintiffs allege two causes of action: (1) monopolization of the meningococcal vaccine market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and (2) anti-competitive agreements in unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

[3] The same reasoning would apply with respect to B&M's retention of Sugartown Pediatrics and Marquez & Bengochea, but the defendants assert, and B&M has not disputed, that both of these plaintiffs retained B&M after Castro had done so. Thus, the dates on which those plaintiffs retained B&M are not relevant to the scope of the subpoena given the earlier limitation imposed with respect to the date of Castro's retention of B&M.

2

Castro is not the only client on whose behalf Plaintiffs' counsel was communicating with Navigant as part of its investigation of possible antitrust claims against Sanofi, nor was Berger & Montague the only firm involved in conducting the pre-suit investigation." Dkt. 22 at 4. Sanofi argues, however, that Rule 26(b)(3) applies only to documents "prepared in anticipation of litigation or for trial *by or for another party* or its representatives." (emphasis added).

To support its reading, Sanofi cites 8 C. WRIGHT, A. MILLER, & R. MARCUS, FED. PRACTICE & PROCEDURE § 2024 (3d ed.) ("Wright & Miller"), which states that "[d]ocuments prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit." *Id.* at 523. But the treatise goes on to observe that "[s]uch a result would be intolerable," and suggests, albeit without explanation or citation to any authority, that "courts need not be confined by a literal reading of Rule 26(b)(3)." *Id.* at 524. The treatise goes on to also suggest that the limitation imposed by the text of the rule may be avoided by entry of a protective order under Rule 26(c)(1).

A problem presented by reading the rule to apply only to parties in litigation is that it is inconsistent with a traditional tenet of work product doctrine, namely the rule that work product protection is not contingent on whether the anticipated litigation actually materializes. *See, e.g., In re Sealed Case,* 146 F.3d 881, 888 (D.C. Cir. 1998); *National Jockey Club v. Ganassi*, No. 04 C 3743, 2006 WL 733549, *1 (N.D. Ill. Mar. 22, 2006); Wright & Miller, § 2024 at 523 (noting rule). The text of Rule 26(b)(3) undermines this rule because documents that constitute work product—that is, that were prepared by or for an attorney in anticipation of litigation—are not protected from discovery unless litigation actually ensues; otherwise, the attorney's client would never become a "party" to whom the rule applies. Neither Wright & Miller, nor cases holding

3

y

that work product protection may only be invoked by a party to the litigation, such as *LG Elecs., Inc. v. Motorola, Inc.*, No. 10 C 3179, 2010 WL 4513722, *3 (N.D. Ill. Nov. 2, 2010), nor the Advisory Committee Notes to Rule 26, address the inconsistency between the text of Rule 26(b)(3) and the concept that some litigation, at one point reasonably anticipated to occur, may nevertheless be resolved short of the courthouse door.

This is arguably a problematic approach to application of the work product doctrine, conditioning as it does the protection of what would otherwise constitute attorney work product on the inability of disputants to resolve their differences without resort to litigation.[4] Nevertheless, it is the approach that the Supreme Court, and Congress, have taken. "Rule 26(b)(3) codifies the work-product doctrine," *Upjohn Co. v. United States,* 449 U.S. 383, 398 (1981), and governs "the extent to which trial preparation materials are discoverable in federal courts," *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 25 (1983). To the extent that the federal rule is inconsistent with the common law rule that preceded it, the reasonable implication, absent contrary evidence, is that the rule was not intended to incorporate that aspect of the doctrine as it existed; Rule 26(b)(3) should not be construed to preserve the common law. "There is no place in the federal civil procedural system for the proposition that rules having the force of statute, though in derogation of the common law, are to be strictly construed." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648, 652 (7th Cir. 1989). The Court therefore concludes that the rule means what it says. By its terms, Rule 26(b)(3) applies only to "parties" to the litigation, and therefore Castro's request to modify the Court's prior order to reflect the date that non-party clients retained B&M to investigate claims against Sanofi is denied.

---

[4] One might argue, for example, that the rule creates a disincentive to settlement and diligent pre-suit investigation since it affords no protection to materials created in anticipation of litigation unless a law suit is actually filed.

The second modification Castro seeks is to exclude from the scope of the subpoena "all opinion work product, including Plaintiffs' counsel's or Navigant consulting economists' mental impressions regarding legal theories or economic analyses relating to the underlying litigation." Dkt. 22 at 6. Castro's objections are two: that materials reflecting its, or Navigant's, opinions on potential antitrust claims are not relevant; and that such work product is protected from disclosure by the work product doctrine. Neither argument is persuasive. Taking the latter point first, the (now) simple response to Castro's objection to the discovery of these materials as "work product" is that they are not "work product" if they were not created (by a party in this case) in anticipation of litigation, and they cannot have been prepared in anticipation of litigation if B&M had yet to be retained. Putting aside the complexity presented by the question of Rule 26(b)(3)'s applicability to non-party clients, the work product doctrine simply does not extend to an attorney's communications about legal issues in a law suit that was only conceptual.

Relevance might be the more fitting objection to lodge to discovery seeking such communications, but given Sanofi's arguments about a conspiracy between Novartis, Navigant, and B&M, communications between B&M and Navigant prior to Castro's retention of B&M may well be relevant to both the substance and credibility of Castro's claims of foreclosure (and the Court notes in this regard that the District Court presiding over the case has evidently not circumscribed Sanofi's ability to seek discovery relating to the alleged Novartis-Navigant-B&M conspiracy on the grounds of relevance). In the context of this case, where there is a colorable claim that such pre-suit, non-work product documents are relevant, discovery is appropriate. Sanofi does not seek the materials so that its counsel can "piggy back" off of B&M's and Navigant's work, an effort that would implicate a core interest served by Rule 26(b)(3); rather, it maintains that the documents have significance independent of their legal analyses because they

5

may shed light on the nature and course of the relationship between the purported conspirators. Castro has, in a supplemental filing, provided to the Court *in camera* a sample of documents that purportedly "typify the type of materials reflecting mental impressions [that are] not relevant." And unquestionably, the documents do contain mental impressions and opinions of counsel and consultant. But review of the documents also makes clear that these are not "pure" opinion materials but rather reflect, as Sanofi maintains, the nature of the relationship and endeavor that B&M, Navigant, and Novartis were undertaking. So Castro's relevance objection is also unavailing.

This ruling does not, of course, preclude challenges to the use, or abuse, of discovery obtained by means of this subpoena. Any potential misuse of information obtained pursuant to this subpoena, or determination concerning its ultimate relevance and admissibility, can be addressed to the trial court down the road, in the specific context in which such issues may arise. For now it is enough to say that there is no basis to deny the discovery sought by the subpoena.

For the foregoing reasons, the Court denies Plaintiffs' motion for reconsideration.

Entered: April 19, 2013

John J. Tharp, Jr.
United States District Judge

APPEAL,COX,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 5.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:13-cv-02086
## Internal Use Only

Castro et al v. Sanofi Pasteur Inc  
Assigned to: Honorable John J. Tharp, Jr  
Cause: Civil Miscellaneous Case

Date Filed: 03/18/2013  
Date Terminated: 03/18/2013  
Jury Demand: None  
Nature of Suit: 999 Miscellaneous Cases  
Jurisdiction: Federal Question

**Plaintiff**

**Adriana M. Castro**  
*M.D., P.A.*

represented by **Scott Forrest Hessell**  
Sperling & Slater, PC  
55 West Monroe Street  
Suite 3200  
Chicago, IL 60603  
(312) 641-3200  
Email: shessell@sperling-law.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Bradley J. Demuth**  
Grant & Eisenhofer  
485 Lexington Avenue  
New York, NY 10017  
646-722-8500  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*

**Daniel J. Walker**  
Berger & Montague, P.C.  
1622 Locust Street  
Philadelphia, PA 19103  
215-875-3066  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*

**Matthew T. Slater**  
Sperling & Slater, PC  
55 West Monroe Street  
Suite 3200  
Chicago, IL 60603  
(312)641-3200  
Email: mslater@sperling-law.com  
*ATTORNEY TO BE NOTICED*

|  |  |  |
|---|---|---|
|  |  | **Zachary David Caplan**<br>Berger & Montague, P.c.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-5801<br>Email: zcaplan@bm.net<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** |  |  |
| **Sugartown Pediatrics, LLC**<br>*on behalf of themselves and all others similarly situated* | represented by | **Scott Forrest Hessell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Bradley J. Demuth**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Daniel J. Walker**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Matthew T. Slater**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Zachary David Caplan**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

|  |  |  |
|---|---|---|
| **Sanofi Pasteur Inc** | represented by | **Steven Ross Gilford**<br>Proskauer Rose LLP (70W)<br>70 West Madison<br>Suite 3800<br>Chicago, IL 60602-4342<br>(312) 962 3510<br>Email: sgilford@proskauer.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Catherine J. Spector**<br>Proskauer Rose LLP (70W) |

70 West Madison
Suite 3800
Chicago, IL 60602-4342
(312) 962-3550
Fax: (312) 962-3551
Email: cspector@proskauer.com
*ATTORNEY TO BE NOTICED*

**Colin R. Kass**
Proskauer Rose Llp
1001 Pennsylvania Ave., N.w.
Suite 400 South
Washington, DC 20004
(202) 416-6890
Email: ckass@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Michael Abeles**
Proskauer Rose LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
(202) 416-5817
Email: sabeles@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2013 | 1 | MOTION by Plaintiffs Adriana M. Castro, Sugartown Pediatrics, LLC to quash subpoena, or in the alternative, for a protective order. (ao,) (Entered: 03/22/2013) |
| 03/18/2013 | 2 | CIVIL Cover Sheet (ao,) (Entered: 03/22/2013) |
| 03/18/2013 | 3 | ATTORNEY Appearance for Plaintiffs Adriana M. Castro, Sugartown Pediatrics, LLC by Scott Forrest Hessell. (ao,) (Entered: 03/22/2013) |
| 03/18/2013 | 4 | MEMORANDUM by Adriana M. Castro, Sugartown Pediatrics, LLC in support of motion to quash subpoena, or in the alternative, for a protective order. (ao,) (Entered: 03/22/2013) |
| 03/18/2013 | 5 | (Court only) RECEIPT regarding payment of filing fee paid on 3/18/2013 in the amount of $350.00, receipt number 4624096782. (ao,) (Entered: 03/22/2013) |
| 03/18/2013 |   | (Court only) ***Miscellaneous Case Terminated. (ao,) (Entered: 03/22/2013) |
| 03/29/2013 | 6 | ATTORNEY Appearance for Defendant Sanofi Pasteur Inc by Catherine |

|  |  | J. Spector (Spector, Catherine) (Entered: 03/29/2013) |
|---|---|---|
| 03/29/2013 | 7 | ATTORNEY Appearance for Defendant Sanofi Pasteur Inc by Steven Ross Gilford (Gilford, Steven) (Entered: 03/29/2013) |
| 03/29/2013 | 8 | STATEMENT by Sanofi Pasteur Inc *Rule 7.1 and Local Rule 3.2 Corporate Disclosure Statement* (Spector, Catherine) (Entered: 03/29/2013) |
| 03/29/2013 | 9 | MOTION by Defendant Sanofi Pasteur Inc for leave to file *Under SEAL: Sanofi's Response to Plaintiffs' Motion to Quash the Navigant Subpoena, including exhibits thereto* (Attachments: # 1 Exhibit 1)(Spector, Catherine) (Entered: 03/29/2013) |
| 03/29/2013 | 10 | NOTICE of Motion by Catherine J. Spector for presentment of motion for leave to file 9 before Honorable John J. Tharp Jr. on 4/9/2013 at 09:30 AM. (Spector, Catherine) (Entered: 03/29/2013) |
| 03/29/2013 | 11 | RESPONSE by Sanofi Pasteur Incin Opposition to MOTION by Plaintiffs Adriana M. Castro, Sugartown Pediatrics, LLC to quash 1 *Sanofi's Redacted Response to Plaintiffs' Motion to Quash the Navigant Subpoena or for a Protective Order & Public Exhibits 2,3,4 and 7* (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 7)(Spector, Catherine) (Entered: 03/29/2013) |
| 03/30/2013 | 12 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8195995. *Daniel J. Walker* (Caplan, Zachary) (Entered: 03/30/2013) |
| 03/30/2013 | 13 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8195998. *Zachary D. Caplan* (Caplan, Zachary) (Entered: 03/30/2013) |
| 04/03/2013 | 14 | MINUTE entry before Honorable John J. Tharp, Jr: Motion for Leave to Appear Pro Hac Vice by Zachary D. Caplan 13 on behalf of plaintiffs is granted. Mailed notice (air, ) (Entered: 04/03/2013) |
| 04/03/2013 | 15 | MINUTE entry before Honorable John J. Tharp, Jr: Motion for Leave to Appear Pro Hac Vice by Daniel J. Walker 12 on behalf of plaintiffs is granted. Mailed notice (air, ) (Entered: 04/03/2013) |
| 04/08/2013 | 16 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8222235. (Kass, Colin) (Entered: 04/08/2013) |
| 04/08/2013 | 17 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8222322. (Abeles, Scott) (Entered: 04/08/2013) |
| 04/09/2013 | 18 | MINUTE entry before Honorable John J. Tharp, Jr: Motion hearing held. Plaintiffs failed to appear. Motions for leave to appear pro hac vice by Colin Kass 16 and Scott Abeles 17 on behalf of defendant Sanofi Pasteur Inc. are granted.Plaintiffs' motion to quash subpoena, or in the alternative, for a protective order 1 is denied but the subpoena should be modified to seek documents only up to the date on which an attorney-client relationship was established between Dr. Castro and Berger & Montague. |

| | | |
|---|---|---|
| | | Defendant's motion for leave to file documents under seal 9 is granted. Mailed notice (air, ) (Entered: 04/09/2013) |
| 04/10/2013 | 19 | MINUTE entry before Honorable John J. Tharp, Jr: Plaintiffs failed to appear for a noticed motion hearing on 4/9/13. At that hearing, the plaintiff's motion to quash 1 , which had never been noticed as required by Local Rule 5.3(b), was also discussed and decided. In the event that plaintiffs object to the Court's ruling on the motion, they are granted leave to file a motion for reconsideration, which the Court will entertain at a hearing that is properly noticed in accordance with the Local Rules. Any out-of-town counsel who have appeared in the case and wish to participate by telephone should contact the Courtroom Deputy to make such arrangements; telephonic participation is permitted only when local counsel is also present in the courtroom however. Mailed notice (air, ) (Entered: 04/10/2013) |
| 04/15/2013 | 20 | SEALED RESPONSE by Sanofi Pasteur Inc to order on motion for leave to file,,, order on motion to appear pro hac vice,,,,,, order on motion to quash,,, motion hearing,,, terminate hearings,, 18 (Attachments: # 1 Exhibit 1, # 2 Exhibit 5, # 3 Exhibit 6, # 4 Exhibit 8, # 5 Exhibit 9) (Spector, Catherine) (Entered: 04/15/2013) |
| 04/15/2013 | 21 | MOTION by Plaintiffs Adriana M. Castro, Sugartown Pediatrics, LLC for reconsideration regarding order on motion for leave to file,,, order on motion to appear pro hac vice,,,,,, order on motion to quash,,, motion hearing,,, terminate hearings,, 18 (Hessell, Scott) (Entered: 04/15/2013) |
| 04/15/2013 | 22 | MEMORANDUM by Adriana M. Castro, Sugartown Pediatrics, LLC in support of motion for reconsideration,, motion for relief,,,,,,,,,,, 21 (Hessell, Scott) (Entered: 04/15/2013) |
| 04/15/2013 | 23 | NOTICE of Motion by Scott Forrest Hessell for presentment of motion for reconsideration,, motion for relief,,,,,,,,,,, 21 before Honorable John J. Tharp Jr. on 4/18/2013 at 09:30 AM. (Hessell, Scott) (Entered: 04/15/2013) |
| 04/16/2013 | 24 | ATTORNEY Appearance for Plaintiffs Adriana M. Castro, Sugartown Pediatrics, LLC by Matthew T. Slater (Slater, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | 25 | MOTION by Plaintiffs Adriana M. Castro, Sugartown Pediatrics, LLC Motion and Application of Bradley J. Demuth to Appear Pro Hac Vice Filing Fee $50, receipt number 0752-8248729 (Hessell, Scott) (Entered: 04/16/2013) |
| 04/16/2013 | 26 | MINUTE entry before Honorable John J. Tharp, Jr:Motion for leave to appear pro hac vice by Bradley J. Demuth on behalf of the Plaintiffs Adriana M. Castro and Sugartown Pediatrics, LLC. 25 is granted. Mailed notice (air, ) (Entered: 04/16/2013) |
| 04/16/2013 | 27 | MEMORANDUM by Sanofi Pasteur Inc in Opposition to motion for reconsideration,, motion for relief,,,,,,,,,,, 21 (Abeles, Scott) (Entered: 04/16/2013) |
| | | |

| | | |
|---|---|---|
| 04/18/2013 | 28 | MINUTE entry before Honorable John J. Tharp, Jr: Motion hearing held. Plaintiffs' motion for reconsideration, or in the alternative, for clarification 21 is taken under advisement. The Court will rule by CM/ECF. Mailed notice (air, ) (Entered: 04/18/2013) |
| 04/18/2013 | 29 | LETTER to Hon. Judge John Tharp re In Camera Review by Adriana M. Castro, Sugartown Pediatrics, LLC (Hessell, Scott) (Entered: 04/18/2013) |
| 04/19/2013 | 30 | MOTION by Defendant Sanofi Pasteur Inc for leave to file *Notice of Additional Authority Addressing Case Law Raised For The First Time During Oral Argument* (Attachments: # 1 Exhibit A (Notice of Additional Authority))(Abeles, Scott) (Entered: 04/19/2013) |
| 04/19/2013 | 31 | NOTICE of Motion by Scott Michael Abeles for presentment of motion for leave to file 30 before Honorable John J. Tharp Jr. on 4/30/2013 at 09:30 AM. (Abeles, Scott) (Entered: 04/19/2013) |
| 04/19/2013 | 32 | MINUTE entry before Honorable John J. Tharp, Jr:For the reasons stated in the Court's Memorandum Opinion entered this date, Plaintiffs' motion for reconsideration or clarification 21 is denied. Defendant's motion for leave to file Notice of Additional Authority 30 is granted, as the Court has reviewed the filing. The Court has also reviewed the in camera documents submitted by Plaintiffs. ENTER MEMORANDUM OPINION AND ORDER. (For further details see separate order)Mailed notice (air, ) (Entered: 04/19/2013) |
| 04/19/2013 | 33 | MEMORANDUM Opinion and Order Signed by the Honorable John J. Tharp, Jr on 4/19/2013:Mailed notice(air, ) (Entered: 04/19/2013) |
| 04/23/2013 | 34 | NOTICE by Sanofi Pasteur Inc *of Additional Authority submitted pursuant to Court's Order granting leave to file (see Dkt. 32)* (Abeles, Scott) (Entered: 04/23/2013) |
| 04/30/2013 | 35 | MOTION by Defendant Sanofi Pasteur Inc to enforce *Subpoena Issued To Navigant Economics* (Abeles, Scott) (Entered: 04/30/2013) |
| 04/30/2013 | 36 | MEMORANDUM by Sanofi Pasteur Inc in support of motion to enforce 35 *Subpoena Issued To Navigant Economics* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Abeles, Scott) (Entered: 04/30/2013) |
| 04/30/2013 | 37 | NOTICE of Motion by Scott Michael Abeles for presentment of motion to enforce 35 before Honorable John J. Tharp Jr. on 5/7/2013 at 09:30 AM. (Abeles, Scott) (Entered: 04/30/2013) |
| 05/01/2013 | 38 | MINUTE entry before Honorable John J. Tharp, Jr: The Court will not be sitting on 5/7, when Defendant's motion to enforce subpoena 35 is noticed for presentment. The motion is reset for presentment on Wednesday, 5/8/13 at 9:30 a.m. Any response to the motion is due on 5/6/13. Mailed notice (air, ) (Entered: 05/01/2013) |
| 05/03/2013 | 39 | PAYMENT by Adriana M. Castro, Sugartown Pediatrics, LLC of Filing fee $ 455, receipt number 0752-8313077. (Hessell, Scott) (Entered: 05/03/2013) |

| | | |
|---|---|---|
| 05/03/2013 | 40 | NOTICE of appeal by Adriana M. Castro, Sugartown Pediatrics, LLC regarding orders 33 Filing fee $ 455, receipt number 0752-8313162. (Hessell, Scott) (Entered: 05/03/2013) |
| 05/03/2013 | 41 | DOCKETING Statement by Adriana M. Castro, Sugartown Pediatrics, LLC regarding notice of appeal 40 (Hessell, Scott) (Entered: 05/03/2013) |
| 05/03/2013 | 42 | MOTION by Plaintiffs Adriana M. Castro, Sugartown Pediatrics, LLC to stay *subpoena enforcement pending appeal* (Hessell, Scott) (Entered: 05/03/2013) |
| 05/03/2013 | 43 | NOTICE of Motion by Scott Forrest Hessell for presentment of motion to stay 42 before Honorable John J. Tharp Jr. on 5/8/2013 at 09:30 AM. (Hessell, Scott) (Entered: 05/03/2013) |
| 05/03/2013 | 44 | MEMORANDUM by Adriana M. Castro, Sugartown Pediatrics, LLC in support of motion to stay 42 *and Opposition to Sanofi's Motion to Enforce the Subpeona* (Attachments: # 1 Exhibit A-B)(Hessell, Scott) (Entered: 05/03/2013) |
| 05/06/2013 | 45 | NOTICE of Appeal Due letter sent to counsel of record. (smm) (Entered: 05/06/2013) |