**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
NORTHERN DIVISION**

| | | |
|---|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. Action No. 13-cv-2086 Honorable John J. Tharp, Jr. Magistrate Judge Susan E. Cox ECF CASE |
| Plaintiffs, | | |
| v. | | |
| SANOFI PASTEUR INC., | | |
| Defendant. | | |

**SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR A STAY**

Sanofi writes in response to the Court's request to address "the issue of the jurisdiction of the Court of Appeals to hear Plaintiffs' appeal." Dkt. No. 49. Jurisdiction is rightly considered as part of the "likelihood of success" inquiry, one of the four factors governing the present motion to stay. *See EEOC v. Peoples Gas, Light, & Coke Co.*, 537 F. Supp. 105 (N.D. Ill. 1982) (after denying a motion to quash, denying motion to stay pending appeal for want of appellate jurisdiction). As to that factor, without regard to jurisdiction, Sanofi has shown that a legion of district courts, appellate courts, and secondary sources support this Court's conclusion that Rule 26(b)(3) "means what it says," and precludes a "strong" showing of likelihood of success.

The jurisdictional inquiry further cements that conclusion. There are two stages to that inquiry. *First*, the Seventh Circuit will need to consider whether this Court's April 9th and 19th orders the ("April Orders") are "final" judgments, giving rise to an appeal as of right. *Second*, if such orders are not "final," the Seventh Circuit will need to address whether an appeal should

nevertheless lie under the doctrine of *Perlman v. United States*, 247 U.S. 7 (1918). Here, this Court's prior orders are not "final," and, in the context of this case, *Perlman* does not provide any exception to this rule.

Plaintiffs, therefore, have no likelihood of success. And because (i) they also have no irreparable harm (because *Mohawk* rejects the *only* harm argument they make), (ii) the balance of harms favors Sanofi (because the prejudice to Sanofi arising from the long wait to obtain the documents outweighs any speculative injury to Dr. Castro, B&M, or its mystery client), and (iii) immediate disclosure unambiguously advances the public interest, no stay factor is satisfied. Plaintiffs' motion should be denied.

**I.     THIS COURT'S APRIL ORDERS ARE NOT FINAL JUDGMENTS.**

The *general rule* is that an order *enforcing* compliance with a subpoena – or denying a motion to quash – is *not* subject to an immediate appeal as of right under 28 U.S.C. § 1291. Rather, to obtain an immediate *non-discretionary* appeal, the subpoenaed party must resist the order, and then appeal the resulting contempt order as a collateral order. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009); *Alexander v. United States*, 201 U.S. 117 (1906); *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 898-99 (5th Cir. 2000); *FTC v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir. 1985); *In re Burlington Northern, Inc.*, 679 F.2d 762, 768 (8th Cir. 1982).

Under § 1291, the Courts of Appeals have jurisdiction only over "*final* decisions of the district courts of the United States." A final decision is typically one "by which a district court **disassociates** itself from a case (emphasis added)." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). That is not the case where a court merely *grants* discovery, since proceedings in the district court have not come to an end. *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 122 n.4 (4th Cir. 1994) (finding that where compliance with the discovery order was still

2

ongoing, the court "cannot even say that this case meets the collateral order doctrine's initial condition that the order below conclusively determines[s] the question at issue"). As such, orders granting discovery do not give rise to an immediate, non-discretionary appeal.

Here, the April Orders grant discovery. And far from disassociating the Court from the case, these orders were merely the first two steps in a series of proceedings that will take place *in this Court* concerning the conspiracy between Novartis, B&M, and Navigant. Indeed, Sanofi envisions at least two more rounds of proceedings in this Court.

*First*, regarding the *current* subpoena, there will likely be proceedings concerning the sufficiency of any privilege log Navigant serves in connection with its document production. There remain significant unresolved questions, including, for example, those regarding the "operative date" – when the attorney-client relationship between Dr. Castro and B&M first arose – and whether Sanofi can demonstrate a "substantial need" for any documents arising after that date. Indeed, this Court expressly predicted the need for such proceedings when it suggested that we should "see what they put on the privilege log in the first place," after which the Court can "look at them and make a call." April 9, 2013 Hrg. Tr. at 7:5-11.

*Second*, after Navigant produces the relevant documents, Sanofi will likely seek a deposition from Navigant, as to the facts identified both in these documents and in the documents Navigant already produced. Plaintiffs will likely move either to quash or limit the deposition subpoena, or will otherwise instruct witnesses not to answer Sanofi's questions. Thus, this Court may be asked to make additional rulings concerning the very same operative facts, which may prompt a dissatisfied party to seek further appeals. This would lead to the very type of piecemeal appeals that the rule of finality protects against. *See Mohawk*, 558 U.S. at 106-07 ("[p]ermitting piecemeal, prejudgment appeals … undermines 'efficient judicial

3

administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation."); *see also Micro Motion, Inc. v. Exac Corp.*, 876 F.2d 1574, 1576 (Fed. Cir. 1989) ("The 'finality' rule has a salutary effect. It lessens interruptions in the orderly progress of a suit by eliminating delays incident to fragmentary appeals, and it brings the matter as a whole before the appellate court.").

That is why, when presented with similar circumstances, courts have concluded that an immediate, non-discretionary appeal does not lie. This is so regardless of whether the discovery order arises in the main action or in an ancillary proceeding. *E.g.*, *Alexander*, 201 U.S. 117; *A-Mark*, 233 F.3d at 898-99; *Alaska Land Leasing*, 778 F.2d at 578; *Burlington Northern*, 679 F.2d at 768. If the discovery order occurs in the main action, the discovery order is not *final*, regardless of whether it grants or denies discovery and regardless of whether it is directed to a party or a non-party. *See Mohawk*, 558 U.S. at 108. A dissatisfied litigant can either seek discretionary interlocutory appeal, or it can resist the discovery order and appeal the resulting contempt order. But it may not appeal a simple discovery order as of right. Any other rule would both swamp the Courts of Appeals with *non-discretionary* appeals over routine discovery disputes, and wreak havoc on the district court's ability to manage discovery.

Similar concerns animate a parallel result in ancillary proceedings (like those before this Court). In ancillary proceedings, a ruling *denying* discovery closes the proceedings *in that court* and, because there is nothing left to be done but to appeal the adverse ruling, § 1291 provides jurisdiction. But a ruling *granting* discovery, or denying a motion to quash, is often the *first* step in discovery, as it is here. As such, orders *granting* discovery are not subject to non-discretionary appeals. Wright & Miller, FED. PRAC. & PROC. JURIS. § 3914.24 (2d ed.) ("The general rule persists that appeal cannot be taken from an order granting discovery in an ancillary

4

proceeding."); *Exac Corp.*, 876 F.2d at 1576-78 (collecting cases); *Alexander*, 201 U.S. 117; *A-Mark*, 233 F.3d at 898-99; *Alaska Land Leasing*, 778 F.2d at 578; *Burlington Northern*, 679 F.2d at 768.[1]

Here, the Court's April Orders *grant* discovery, they do not deny it. Thus, the rulings are not final and not subject to an immediate, *non-discretionary* appeal under 28 U.S.C. § 1291.

## II. *PERLMAN* DOES NOT PROVIDE AN EXCEPTION TO THE RULE OF FINALITY IN THIS CASE.

The remaining question is whether, notwithstanding the general rule that an order *granting* discovery is interlocutory, an exception permits an appeal ***as of right*** *at this time*. The only conceivable exception is *Perlman v. United States*, 247 U.S. 7 (1918). It does not apply here.[2]

*Perlman* arose in a unique factual circumstance. In the context of a criminal grand jury proceeding, the United States sought discovery of privileged information in the possession of the clerk of the court, a quintessential disinterested non-party. The investigation's target claimed privilege over these documents, but the district court ordered disclosure. Operating from the premise that the target had a right to pre-disclosure appellate review, the target sought an immediate appeal. The Supreme Court, without addressing whether such a right exists, held that

---

[1] Plaintiffs invoke *Sunrise Opportunities, Inc. v. Regier*, 2006 WL 581150, at *4 (N.D. Ill. 2006), for the proposition that any discovery order in an ancillary action directed toward a non-party is immediately appealable. However, the relevant distinction is between orders *granting and denying* discovery, not whether an order is *inside or outside* the underlying case's district. The cases relied on in *Sunrise* all involve appeals from orders *denying* discovery from non-parties. *Hernly v. United States*, 832 F.2d 980, 981 n.1 (7th Cir. 1987); *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1021 (Fed. Cir. 1986); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983); *Carter Prods., Inc. v. Eversharp, Inc.*, 360 F.2d 868, 870, 871-72 (7th Cir. 1966). In addition, *Mohawk* and *Ott* likely overrule *Sunrise*. *See Ott v. City of Milwaukee*, 682 F.3d 552, 555 (7th Cir. 2012) (requiring non-party agencies to resist compliance with the subpoena before taking an appeal).

[2] Notably, plaintiffs have not sought interlocutory appeal under 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals. We do not address the relevant factors for such an appeal here. Suffice it to say, Sanofi believes that any appeal to the Seventh Circuit should, at a minimum, wait until after all Navigant deposition and document discovery has been completed.

the usual requirement – that only a contempt order is a sufficiently final collateral order to permit an immediate appeal – does not apply when the subpoenaed non-party is totally disinterested and has no incentive to subject itself to contempt.

The Supreme Court's decision in *Mohawk* – more than 80 years later – fundamentally undermines *Perlman*'s central premise. In *Mohawk*, the Court held that <u>post</u>-disclosure appellate review is sufficient to remedy any erroneous privilege determinations. Because, as the Seventh Circuit has explained, it is not true that every privilege ruling gives rise to an immediate pre-disclosure right of appeal, "*Mohawk Industries* calls *Perlman* and its successors into question." *Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010).[3]

The extent to which *Mohawk* limits *Perlman* has not been fully resolved. It is clear, however, that if the discovery order is issued in the *main* action and the privilege holder is a party, *Perlman* no longer applies, and an immediate, *non-discretionary* appeal will not lie. *United States v. Copar Pumice Co.*, 2013 WL 1859350, at *6 (10th Cir. 2013) (recognizing *Mohawk*'s limitation of *Perlman*, noting that "post-judgment appeals generally suffice to review a party's claim against disclosure orders adverse to an asserted attorney-client privilege, and Defendants' attempt to argue otherwise based on the specific circumstances here is contrary to the Supreme Court's ruling in *Mohawk*."); *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 237-38 (6th Cir. 2011) ("[W]here the privilege holder is a *party* to the litigation with recourse in a post-

---

[3] As the Seventh Circuit noted, *Perlman* does not apply at least where a person *asserting* privilege is a *party* and the order of compulsion occurs in the *main* action. In such circumstances, "whether the order is directed against a litigant or a third party, an appeal from the final decision will allow review of the district court's ruling." 621 F.3d at 643. The Court went on to note, in *dicta*, that "[o]nly when the person who asserts a privilege is a non-litigant will an appeal from the final decision be inadequate." *Id*. It is true, of course, that a *non-litigant* cannot appeal a final judgment in the main action. But, to the extent the non-litigant has possession of the documents, it may resist discovery and appeal any subsequent order of contempt. Thus, *Perlman* has no application in that context either.

judgment appeal, we conclude that *Perlman* no longer affords jurisdiction to hear this interlocutory appeal.").[4]

The open question is whether *Perlman* retains any vitality in the context of an *ancillary* proceeding. While an issue of first impression, Sanofi believes that the policies motivating *Mohawk* apply with equal force in this context. *Mohawk* holds that post-disclosure appellate review is sufficient to remedy an erroneous privilege call. Thus, if the ancillary court's privilege determination is ultimately reviewable, a privilege holder is not entitled to an immediate, non-discretionary appeal. Accordingly, the analysis turns on whether Plaintiffs – the privilege holders – will *eventually* be able to appeal this Court's privilege determinations. If so, *Perlman* offers no relief.

Here, there is no question that this Court's privilege determinations will be reviewable by the Seventh Circuit in due course. As noted, once **all** proceedings in this Court are final – after all discovery relating to Navigant has been completed and all privilege rulings in connection with document and deposition discovery have been entered – the Seventh Circuit will have jurisdiction over a non-discretionary appeal. At that point, plaintiffs may request entry of final judgment under Rules 54(a) and 58, and Dr. Castro will be able to appeal this Court's decision(s) as of right. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and

---

[4] The Seventh Circuit held, before *Mohawk* was decided, that a non-party subject to a discovery order is entitled to immediate appeal because that entity has no remedy at the end of the litigation. *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 617-18 (7th Cir. 2009) (citing *Burden-Meeks v. Welch*, 319 F.3d 897, 900-01 (7th Cir. 2003)). The Seventh Circuit has questioned whether *Burden-Meeks* remains good law after the Supreme Court's ruling and reasoning in *Mohawk*. *Id.* at 618; *see also* Dkt. No. 44 at 8 n.7 (acknowledging same). This Court need not address that issue; *Burden-Meeks* does not apply here because it is the Plaintiffs, not a non-party, who are claiming privilege, and they do have an adequate remedy at the end of the litigation. *See In re IFC Credit Corp.*, 2011 U.S. Dist. LEXIS 137228. at *2 (N.D. Ill. 2011) (bankruptcy court order compelling non-party law firm to produce documents was not immediately appealable because the party claiming attorney-client privilege and work product immunity was a party, the party could "avail himself of a post-judgment appeal to remedy the purported improper discovery order, *Perlman* is inapplicable and the court has no jurisdiction over this interlocutory appeal").

any order from which an appeal lies."); Fed. R. Civ. P. 58(d) ("A party may request that judgment be set out in a separate document as required by Rule 58(a).").

Thus, because Plaintiffs are not denied the ability to later seek Seventh Circuit review of this Court's rulings, the Seventh Circuit will likely find that *Mohawk* undercuts *Perlman*'s continuing vitality even in ancillary proceedings; and as such, it lacks jurisdiction over Plaintiffs' § 1291 appeal.

This, however, is an issue that the Seventh Circuit need not reach. That is because, even if *Perlman* continues to apply to ancillary proceedings, its exception is not triggered because Navigant is not a "disinterested" third-party that would render the contempt avenue unavailable. In *Perlman*, the subpoenaed non-party was a clerk of the court, a disinterested party not in privity with the privilege holder. Where contractual privity exists **with respect to the specific documents at issue**, the disinterested non-party requirement cannot be met. *See In re Grand Jury Subpoena*, 51 F.3d 203, 206 (9th Cir. 1995) (where third-party accountant was retained by movant attorney to represent a party in the underlying case, *Perlman* did not apply). As the Ninth Circuit explained, "(1) the [*Perlman*] exception is intended to protect only those movants who are "powerless" to control the actions of the subpoenaed third party; and (2) it is particularly inappropriate to extend the exception to third-parties who are participants in the confidential relationship upon which the movant's claim of privilege is based." *Id.*[5]

Here, the documents at issue were generated in the course of a contractual *consulting* arrangement between B&M and Navigant (supposedly on behalf of a mystery client).

---

[5] *See also Corporacion Insular de Seguros v. Garcia*, 876 F.2d 254, 258-60 (1st Cir. 1989) (noting *Perlman* has been viewed restrictively and holding *Perlman* inapplicable to movant Senate President to obtain immediate appeal of a discovery order directed at his aide); *Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*, 591 F.2d 174, 178-180 (2d Cir. 1979) (noting *Perlman* "was an unusual case" and holding it inapplicable to discovery from third-party employee of movant "who has dutifully followed the instructions [of movant] not to answer the questions at issue …").

Contractual privity with respect to these documents therefore exists. Moreover, since this dispute's genesis, plaintiffs have called the shots regarding the Navigant subpoena and Navigant has long maintained it will act according to its client's wishes. *See* Dkt. No. 36-2 (letter from Navigant stating: "With respect to documents created after the retention of Navigant Economics by Plaintiffs' counsel that relate to Navigant Economics' retention by Plaintiffs' counsel, Navigant Economics will proceed in accordance with its contractual obligations to Plaintiffs' counsel…."). Counsel and Navigant have a close, continuous, long-term relationship. *See* Dkt. No. 4 at 2, 8-9. The two are in constant communication. *See id.* ("Plaintiffs' counsel continues to consult with economists at Navigant as the *Castro* litigation progresses."). Most tellingly, even after Plaintiffs' Motion to Quash was denied and reconsideration of that order rejected, Dkt. Nos. 18 & 33, Navigant *still* elected not to comply with the valid subpoena, at Plaintiffs' direction. *See* Dkt. No. 36, at 1 ("Navigant grounds its refusal [to comply] in an undisclosed contractual commitment it allegedly owes B&M."); *id.* at Rule 37.2 Statement (describing Navigant's position that it will accede to Plaintiffs' wishes).

Thus, even if the *Perlman* retains any vitality after *Mohawk*, it does not apply here.

### III. CONCLUSION.

For all the foregoing reasons, as well as the reasons set forth in the Opposition to Plaintiffs' Motion for a Stay and Reply to Plaintiffs' Response to Sanofi's Motion to Enforce Dkt. No. 47, Sanofi respectfully requests that the Court enter an order denying Plaintiffs' motion to stay pending appeal, granting Sanofi's motion to compel, and ordering the relief requested in Sanofi's motion to compel.

9

| | |
|---|---|
| Dated: May 15, 2013 | Respectfully submitted, |
| | /s/ Catherine J. Spector |
| Colin R. Kass (admitted *pro hac vice*) | Steven R. Gilford |
| Scott M. Abeles (admitted *pro hac vice*) | Catherine J. Spector |
| PROSKAUER ROSE LLP | PROSKAUER ROSE LLP |
| 1001 Pennsylvania Ave., NW | 70 West Madison St., Suite 3800 |
| Washington, D.C. 20004 | Chicago, IL 60602 |
| T: (202) 416-6800 | T: (312) 962-3550 |
| F: (202) 416-6899 | sgilford@proskauer.com |
| ckass@proskauer.com | cspector@proskauer.com |
| sabeles@proskauer.com | |
| | *Attorneys for Sanofi Pasteur Inc.* |

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 15, 2013, I caused to be served by electronic mail, a copy of Sanofi's Notice of Motion to Enforce Subpoena on:

Rahsaan Sales
Assistant General Counsel
Navigant
30 South Wacker Drive, Suite 3550
Chicago, Illinois 60606
Rahsaan.sales@navigant.com

Peter Pearlman
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West, Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
psp@njlawfirm.com

and via the Court's Electronic Filing system, on:

<u>Counsel of Record for Plaintiffs:</u>
Scott F. Hessell
Matthew T. Slater
Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
shessell@sperling-law.com
mslater@sperling-law.com

Daniel J. Walker
Zachary D. Caplan
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
dwalker@bm.net
zcaplan@bm.net

                                          Respectfully submitted,

                                          /s/ Catherine J. Spector
                                          Catherine J. Spector