IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs**,** <br><br> v. <br><br> SANOFI PASTEUR INC., <br><br><br> Defendant. | ) ) ) ) ) ) ) Case No. 13-cv-2086 ) ) Honorable John J. Tharp, Jr. ) ) ) ) ) |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR A STAY PENDING APPEAL

Plaintiffs supplement their Motion for a Stay Pending Appeal, pursuant to this Court's Order, dated May 8, 2013, which invited further briefing. The specific issue raised was whether the United States Court of Appeals for the Seventh Circuit has jurisdiction to hear an appeal from the Court's order denying Plaintiffs' motion to quash and motion for reconsideration, particularly in light of the Supreme Court's decision in *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). As set forth below, Plaintiffs respectfully submit that the Seventh Circuit has jurisdiction to hear the appeal.

The general rule is that an order ruling on a motion to quash a subpoena, like other discovery orders, is interlocutory and generally not appealable as a final judgment or a collateral order. *Sunrise Opportunities, Inc. v. Regier*, No. 05 C 2825, 2006 WL 581150, at *3 (N.D. Ill. Mar. 7, 2006) (citing *Simmons v. City of Racine*, 37 F.3d 325, 327 (7th Cir.1994)). The Seventh Circuit has long held, however, that the general rule does not apply where (1) the court ruling on the subpoena is *different than the court* presiding over the underlying litigation, (2) the target of

1

discovery is *not a party* in the underlying action, and (3) the order *resolves all of the issues* in the court in which the discovery issue is pending. *Sunrise Opportunities*, 2006 WL 581150, at *4 & n.3 (citing, *inter alia*, *Carter Prods., Inc. v. Eversharp, Inc.*, 360 F.2d 868, 870, 871-72 (7th Cir. 1966); *Hernly v. USA*, 832 F.2d 980, 981 n.1 (7th Cir. 1987); *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1021 (Fed. Cir. 1986); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc*. 713 F.2d 494, 496 (9th Cir. 1983)).

All of these circumstances exist in this action. The underlying litigation is pending in the District of New Jersey, not in this Court. The target of the discovery is Plaintiffs' consulting firm, not a party to the action. And this Court's order denying the motion to quash resolves the only matter pending in this Court. Under Seventh Circuit law, the order is appealable. *Sunrise Opportunities*, 2006 WL 581150, at *4 & n.3. Thus, in *Sunrise Opportunities*, the Northern District of Illinois held that an order denying a motion to quash a subpoena directed at a third party expert—indeed, at Navigant Consulting, Inc., the very expert at issue in this case—was appealable as a final judgment in circumstances analogous to the instant situation. *Id*. That case noted that each of two facts made the discovery order appealable: that the subpoena was directed to a third party and that the issue was addressed by a different court than the one in which the litigation was taking place. *Id.* at *4 ("Two material facts. . . make the order entered in this case legally distinct [from an ordinary order on a motion to quash a subpoena]: first, the subpoena was issued to a third party and second, the subpoena issued from a court ancillary to the main litigation. Each fact standing alone justifies a finding that the discovery order is final under the collateral order doctrine.").

*Mohawk* is consistent with Seventh Circuit law in this regard, as well as with the relief that Plaintiffs seek here. Before the Supreme Court in *Mohawk* was an appeal from an order

granting a motion to compel in *the same court where the underlying litigation was pending*. 558 U.S. at 104; *see also Carpenter v. Mohawk Indus., Inc*. 541 F.3d 1048, 1051 (11th Cir. 2008). As a result, the discovery order did not resolve all of the issues pending before the trial court. *Mohawk*, 558 U.S. at 103. The Supreme Court did *not* overrule the holding in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), that "an order is appealable if it (1) conclusively determines the dispute question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *Mohawk*, 558 U.S. at 105 (quoting *Carpenter*, 541 F.3d at 1052). Nor did the Supreme Court contest the Eleventh Circuit's findings that the first two requirements—conclusiveness and separateness—had been met. *Id*. at 107-108. The Supreme Court instead agreed with the Eleventh Circuit that there was no appellate jurisdiction because the third requirement—effective reviewability—had not been satisfied. *Id*. at 108. In other words, the Supreme Court simply held that discovery orders requiring disclosure of materials that arguably should be protected by the attorney-client privilege are not automatically appealable when other matters remain unresolved *in the same court*. *Id*. *See also Ott v. City of Milwaukee*, 682 F.3d 552, 554-55 (7th Cir. 2012) (applying *Mohawk* to prevent interlocutory appeal under collateral order doctrine when discovery ruling occurred in same court in which litigation was pending).

That holding does not apply when a court *in a different jurisdiction than the underlying action* rules on a discovery order, resolving the only issue before it. As the Seventh Circuit explained long ago in *Natta v. Zletz*, 379 F.2d 615 (7th Cir. 1967), "[W]e regard it to be established law in this Court that denial of the ultimate relief sought by a proceeding *ancillary to primary litigation pending before another tribunal*, as to which ancillary relief no review will or can be made in the main proceeding, is appealable as a final order under 28 U.S.C.A. § 1291."

3

*Id*. at 618 (emphasis added) (citing *Carter Prods., Inc. v. Eversharp, Inc.*, 360 F.2d 868 (7th Cir. 1966)).[1] The Seventh Circuit's decision in *Carter* is to similar effect: "Our holding that the order involved is a 'final decision' is based on the fact that it is 'final' for all practical purposes. . . . Due regard for efficiency in litigation must not be carried so far as to deny all opportunity for the appeal contemplated by the statutes. We think that the order before us does 'settle' something as to appellants. . . , and that the effect of our holding does not impinge on the general principle against fragmentary appeals that would impede the progress of the main litigation." 360 F.2d at 871 (citations and footnote omitted); *see also Sunrise Opportunities*, 2006 WL 581150, at *4 (applying this rule to order denying motion to quash subpoena). Under Seventh Circuit law, then, a discovery order *in a different tribunal* than the underlying litigation is considered effectively unreviewable, an issue that was not before the U.S. Supreme Court in *Mohawk* and that the Court did not address.

Applying the Supreme Court's decision in *Cohen*, along with Seventh Circuit precedent, this Court's discovery order is *conclusive* of the sole disputed question, *separate* from the merits, and *effectively unreviewable* on appeal from the main action. It is therefore "final" for purposes of appeal. *Sunrise Opportunities*, 2006 WL 581150, at *4 ("The effective finality of the Court's order is more certain because the motion to quash is the only matter pending in this Court; a court ancillary to the main litigation."). *Mohawk* does not hold to the contrary.

A similar result follows from the *Perlman* doctrine. *Perlman v. United States*, 247 U.S. 7 (1918), held that a party claiming a privilege may appeal immediately when the judge directs a nonparty holding the documents to disclose them. As the Seventh Circuit has explained, "The

---

[1] *See also Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*, 671 F.2d 100, 102 (3d Cir. 1982) (equating a Rule 45 proceeding to enforce a subpoena against a third party in a different jurisdiction with agency subpoenas and noting that in such situations an "appeal will lie from an injunction without the necessity of waiting for disobedience").

idea behind *Perlman* is that someone who is neither a party to the suit nor a person aggrieved by the disclosure cannot be expected to put his own neck on the chopping block, standing in contempt of court just to help the privilege holder obtain appellate review." *Burden-Meeks v. Welch*, 319 F.3d 897, 899-900 (7th Cir. 2003). Judge Posner further noted in *Dellwood Farms v. Cargill Farms, Inc.*, 128 F.3d 1122 (7th Cir. 1997), "When the order is directed against a nonparty, as it is here, he has no appellate remedy at the end of the litigation, so he is allowed to appeal immediately." *Id*. at 1125 (citations omitted). The Third and Ninth Circuits have both held that the *Perlman* doctrine survives *Mohawk*. *In re Grand Jury*, 705 F.3d 133, 145-46 (3d Cir. 2012); *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010).

Following both *Cohen* and *Perlman*, longstanding Seventh Circuit law establishes that Plaintiffs may appeal this Court's order denying the motion to quash. ***Indeed, Sanofi conceded that Mohawk does not prevent Plaintiffs from bringing an immediate appeal of this Court's order quashing the subpoena.*** *See* Sanofi Opp. to Pls' Mot. for a Stay and Reply to Pls' Resp. to Sanofi's Mot. to Enforce (Doc. No. 47) ("Sanofi Opp."), at 7 n.4 ("[P]laintiffs may appeal now [from this Court's order on the motion to quash] and obtain a pre-trial decision."). *See also In re Grand Jury*, 705 F.3d at 145-46 (permitting appeal of discovery order notwithstanding *Mohawk*); *Krane*, 625 F.3d at 572 (same).

What is most pertinent about *Mohawk* for these proceedings is that the trial court recognized the harm that would be done by disclosure of potentially protected information pending an appeal and issued a stay, 558 U.S. at 104-05, a ruling the Supreme Court did not question. For this reason alone, Sanofi's interpretation of *Mohawk* is untenable. *See* Sanofi Opp., at 6-7. The Supreme Court did *not* hold, as Sanofi asserted, that erroneous rulings regarding privileged information cause no irreparable harm. The Court merely held that the

5

possibility of such irreparable harm did not warrant a *categorical* rule allowing interlocutory appeal of orders addressing the attorney-client privilege. *Id*. at 108. Unlike the inquiry into irreparable harm for a stay, the jurisdictional issue on appeal is done in a *categorical* manner. *Id*. at 107 ("In making this determination [on appealability], we do not engage in an 'individualized jurisdiction inquiry.' Rather, our focus is on 'the entire category to which a claim belongs.'") (citations omitted); *id*. at 112 ("In short, the limited benefits of applying 'the blunt, categorical instrument of § 1291 collateral order appeal' to privilege-related disclosure orders simply cannot justify the likely institutional costs.") (citation omitted). The Court nevertheless acknowledged that disclosure *could cause irreparable harm*: "[P]rotective orders are available to limit the spillover effects of disclosing sensitive information. That a fraction of orders adverse to the attorney-client privilege may nevertheless harm individual litigants in ways that are 'only imperfectly reparable' does not justify making all such orders immediately appealable as of right under § 1291." *Id*. at 112 (citation omitted). Sanofi, then, distorts *Mohawk* in suggesting the Court's reasoning precludes the possibility that disclosure would cause the kind of irreparable harm warranting a stay. *See* Sanofi Opp., at 6-7. The *Mohawk* Court pointed out that the opposite was true. Moreover, in this case the *Mohawk* Court's proposed cure of excluding evidence would be ineffectual. *Id*. at 109. The discovery Sanofi seeks is irrelevant and therefore not admissible in any event; the real harm comes from Sanofi gaining access to Plaintiffs' trial strategy, a bell that an appellate court cannot "unring."

   Finally, for two reasons Plaintiffs respectfully submit that this Court should stay enforcement of the subpoena and leave to the Seventh Circuit to determine whether *Mohawk* should be extended to situations in which a discovery order is issued from a *different court* than the one in which the underlying litigation is pending. First, the Supreme Court has made clear

6

that lower courts should consider themselves bound by superior court rulings, even if the superior court has arguably rejected some of the *reasoning* behind those rulings. The Supreme Court has explained that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decision." *American Trucking Associations, Inc. v. Smith*, 496 U.S. 167, 180 (1990) (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989)) (edits in original); *see also Agostini v. Felton*, 521 U.S. 203, 237-38 (1997) (same); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) (same). The Third Circuit in *In re Grand Jury* specifically held that this line of cases applies to *Mohawk*, which should not be imported to areas where it does not directly apply without some further indication from a superior court. 705 F.3d at 145-46. Here, under directly controlling Seventh Circuit precedent, this Court's order is appealable. Plaintiffs respectfully suggest that it should be left to the Seventh Circuit—and ultimately the Supreme Court—whether the reasoning in *Mohawk* should be extended to a context like this one.

Second, and related, if this Court does not assume the appealability of its order—and does not stay it pending any potential appeal—and if other courts were to do the same, the Seventh Circuit might never have a chance to address the issue. After all, once Plaintiffs' counsel's trial strategy is revealed, no appellate order can undo the resulting harm. Plaintiffs therefore respectfully submit that *Mohawk* does not extend to this situation, and this Court should issue a stay pending the appeal Plaintiffs have taken from its order, just as the lower court did in *Mohawk*.

7

Dated: May 15, 2013 /s/ Scott F. Hessell
Scott F. Hessell
**SPERLING & SLATER, P.C.**
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Tel: (312) 641-3200
Fax: (312) 641-6492
shessell@sperling-law.com

Linda P. Nussbaum
Peter A. Barile III
Bradley J. Demuth
**GRANT & EISENHOFER, P.A.**
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8504
Fax: (646) 722-8501
lnussbaum@gelaw.com
pbarile@gelaw.com
bdemuth@gelaw.com

Eric C. Cramer
Daniel J. Walker
Zachary D. Caplan
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
ecramer@bm.net
dwalker@bm.net
zcaplan@bm.net

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2013, I caused to be served, via the Court's Electronic Filing System, a copy of the foregoing document on counsel of record for the Defendant.

Dated: May 15, 2013 /s/ Scott F. Hessell
                                                    Scott F. Hessell