IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIANA M. CASTRO, M.D., P.A., and SUGARTOWN PEDIATRICS, LLC, *et al.,* on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 2086 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| SANOFI PASTEUR INC., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The matter before the Court arises in connection with a third-party subpoena served by Defendant Sanofi Pasteur Inc. on Navigant Consulting, Inc. This is an ancillary proceeding; the underlying lawsuit is pending in the District of New Jersey (Case No. 11 C 7178). In late February 2013, Sanofi served a subpoena on Navigant (headquartered in Chicago) in this district, seeking documents pertaining to its communications with Berger & Montague ("B&M"), the plaintiffs' counsel. The plaintiffs moved in this Court pursuant to Fed. R. Civ. P. 45(c)(3) to quash the subpoena. On April 9, 2013, the Court denied the plaintiffs' motion to quash, and denied their motion for reconsideration on April 19, 2013. Plaintiffs have appealed the denial of their motion for reconsideration and have moved to stay enforcement of the subpoena pending appeal. For the reasons set forth below, the Court denies the motion to stay.

A stay pending appeal is "an extraordinary remedy." *Kuri v. Edelman*, 491 F.2d 684, 687 (7th Cir. 1974). To warrant such relief, the party seeking a stay pending appeal must demonstrate that: "1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will

suffer without relief is greater than the harm the opposing party will suffer if the stay is granted; and 5) the stay will be in the public interest." *Hinrichs v. Bosma,* 440 F.3d 393, 396 (7th Cir. 2006).

With respect to the likelihood of success on appeal, the Court first addresses the question of whether the Seventh Circuit has jurisdiction to review an order denying the plaintiffs' motion to quash the third party subpoena. This is a jurisdictional matter for the Court of Appeals, but a merits matter for this Court. If the Court of Appeals does not have jurisdiction to hear the plaintiffs' appeal, then the appeal is doomed to fail and there is no need to issue a stay (as there would be no likelihood of success).

Discovery rulings are generally not "final" orders and, being interlocutory in nature, cannot be appealed as of right. The plaintiffs assert, however, that an order denying a motion to quash a subpoena is appealable under the "collateral order doctrine" where the order is directed against a non-party who would not have a means of appealing the order at the conclusion of the underlying litigation. In their supplemental brief, the plaintiffs describe the doctrine as an exception to the general rule against interlocutory appeals (Supplement at 1), but the Seventh Circuit explained in *Ott v. City of Milwaukee*, 682 F.3d 552, 554 (7th Cir. 2012), that it is not. Rather, the doctrine subsumes a narrow set of orders that are immediately final because they "are conclusive, … resolve important questions completely separate from the merits, and … would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Id.*

*Ott* also makes plain that if the plaintiffs' claims against Sanofi were pending in this Court, the order denying the motion to quash would fall outside of the collateral order doctrine. In *Ott*, the Seventh Circuit held that the Supreme Court's opinion in *Mohawk Indus., Inc. v.*

2

*Carpenter*, 558 U.S. 100 (2009), foreclosed an appeal based, like this one, on denial of a motion to quash non-party subpoenas. In *Mohawk Industries*, the Supreme Court held that the collateral order doctrine does not permit a pre-judgment appeal of an order claimed to violate attorney-client privilege, deeming post-judgment appeal and other potential means of securing review (such as appealing a contempt citation) adequate to protect the privilege. The Seventh Circuit applied this reasoning in *Ott* to reject jurisdiction over the appeal of non-party state agencies that had not definitively resisted subpoenas issued to them by refusing to comply and appealing a resulting contempt citation. 682 F.3d at 555. Absent that sort of definitive resistance, a non-party's challenge to a disclosure order must await final judgment before appellate review may be had.

But what about a case, like this one, where the underlying claims are pending in another district? The plaintiff's claims are not pending in this Court; this is an ancillary proceeding to enforce a subpoena issued by this Court pursuant to the requirements of FRCP 45(a)(2). As such, the plaintiffs maintain that the Court's order denying the motion to quash is a final, appealable, order because it terminates the proceedings in this Court and will not be reviewable on appeal from the final disposition of the underlying law suit; any appeal that may be filed from a final judgment or other final order in the underlying law suit would be heard not by the Seventh Circuit, but by the Second Circuit, which reviews final orders appealed from the District of New Jersey. The Second Circuit cannot review orders issued by district courts in this or other circuits (*see* 28 U.S.C. § 1294(1)), so the plaintiffs maintain that they will be denied any review of this Court's order if not permitted to appeal as of right.[1]

---

[1] This problem presents itself only when the ancillary district is in a different circuit than the court in which the lawsuit is pending. When both district courts are within the same circuit, "the court of appeals can act as effectively on appeal from the final judgment as if the discovery

3

The plaintiffs argue that the Seventh Circuit has long held that ancillary discovery orders are final and appealable orders. *See, e.g., Natta v. Zletz*, 379 F.2d 615, 618 (7th Cir. 1967) ("[W]e regard it to be established law in this Court that denial of the ultimate relief sought by a proceeding ancillary to primary litigation pending before another tribunal, as to which ancillary relief no review will or can be made in the main proceeding, is appealable as a final order under 28 U.S.C. § 1291."). Sanofi agrees—up to a point. Sanofi contends that the plaintiffs have overstated the scope of circuit precedent allowing appeal of ancillary discovery orders, noting that those rulings have occurred in the context of orders *denying* discovery requests. Allowing immediate appeal under the collateral order doctrine makes sense in that context, it says, because an order *denying* the requested discovery really does terminate the proceedings in the ancillary court; there is nothing left for the losing party to do but appeal the order.

But as Sanofi points out, that is not necessarily the case where the ancillary order *grants* discovery. In that context, it is far from certain that the order in question will actually end the proceedings in the ancillary district; a ruling that grants discovery may signal the beginning, rather than the end, of an ancillary court's involvement in the underlying matter because it is foreseeable, and at least in some cases likely, that the ancillary court will be called upon to make further rulings as the discovery authorized by its order proceeds. The prospect of further court intervention related to the enforcement, modification, or supplementation of the discovery order means that allowing immediate appeal of the order granting discovery would present the specter of additional, piecemeal, appeals arising from proceedings relating to the ancillary court's

---

ruling had been made in a single proceeding." 15B Charles Alan Wright, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 3914.24 at 180-81(2d ed. 1987) (noting that several circuits have held that denial of ancillary discovery cannot be appealed if the ancillary proceeding is brought in a district court within the same circuit as the underlying case).

ongoing enforcement of its order and related supervision of the discovery process within the ancillary district. In this case, for example, Sanofi asserts that the Court should anticipate that there will be disputes about the invocation of privilege by the plaintiffs, about the adequacy of their privilege log, and that it will be necessary to conduct a number of depositions of Navigant personnel once documents have been produced and that those depositions may present disputes that the Court will be called upon to resolve. If the plaintiffs are deemed to have a right to a non-discretionary appeal based on this Court's denial of their motion to quash, then by the same logic the plaintiffs would have the same immediate right to appeal any other discovery order that this Court may be required to make, presenting a substantial risk of piecemeal appeals.

For that reason, Sanofi argues, "the general rule persists that appeal cannot be taken from an order granting discovery in an ancillary proceeding." 15B Charles Alan Wright, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 3914.24 (2d ed. 1987). The distinction drawn by Sanofi has the force of logic behind it, and some case law from other circuits, but none from the Seventh Circuit.[2] As matters stand in this circuit, no distinction between orders granting and denying discovery in ancillary proceedings has been considered, so far as the Court can tell, and it appears to be an open question whether the Seventh Circuit will extend the rationale of *Mohawk Industries* and *Ott* to the context of orders in ancillary proceedings granting discovery against non-parties.

---

[2] The Seventh Circuit has, however, held that orders permitting discovery in post-judgment proceedings are not immediately appealable under the collateral order doctrine, precisely for the reason that such orders do not terminate the post-judgment proceedings but merely allow them to continue. *See, e.g., JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 868-69 (7th Cir. 2013). As the court observed, "the question is whether the district court's order completely disposes of *the postjudgment proceedings*, not a single issue within those proceedings." *Id*. at 868 (emphasis in original).

Another open question further complicates the question of the circuit court's jurisdiction to hear the plaintiffs' appeal; that is, whether *Mohawk Industries*—holding that there is no right to immediate appeal under the collateral order doctrine by a party subject to a discovery ruling claimed to infringe a privilege because post-disclosure, post-judgment appellate review suffices as a remedy—abrogates the *Perlman* doctrine. In *Perlman v. United States*, 247 U.S. 7 (1918), the Supreme Court held that a contempt citation is not required as the predicate for an immediate appeal of a discovery order where the order is directed to a disinterested third party that has no incentive to subject itself to contempt. *See also, e.g., Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992). In *Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010), the Seventh Circuit observed that "*Mohawk Industries* calls *Perlman* and its successors into question," thereby suggesting the possibility that the circuit court may reassess the viability of precedent permitting appeal of orders directed against non-parties. The Seventh Circuit has not, however, definitively resolved the question it raised in *Wilson,* and in *Ott i*t did not cite or distinguish *Perlman* in noting that the party/non-party distinction was not material "under the facts presented here [because] the state agencies' interests in protecting their privileged materials are as strong as those of a party." 682 F.3d at 555. The Court's observation suggests that the *Perlman* doctrine may still have some life in situations where a disinterested non-party is the target of the challenged discovery.

In view of the unsettled questions relating to the effect of *Mohawk Industries* on questions pertaining to the right of a non-party to seek immediate appeal of an order granting discovery in an ancillary proceeding, deference to the Court of Appeals' ability and prerogative to assess its own jurisdiction seems warranted. That is particularly so at this juncture, when it seems likely that the Court itself will soon be required to take up these issues in addressing the

plaintiffs' appeal (their appellate brief has already been filed). The Court therefore declines to deny the plaintiffs' motion to stay on the ground that the Court of Appeals would lack jurisdiction to hear the appeal at this time.

Putting that question aside, however, the Court nevertheless concludes that the motion to stay should be denied, for at least two reasons. First, the Court, perhaps not surprisingly, concludes that, for reasons other than lack of jurisdiction, the plaintiffs are unlikely to prevail on appeal (thus, that there is not a reasonable likelihood of success on appeal). The premise of the plaintiffs' argument to the contrary is that the Court failed to acknowledge that the scope of the work product doctrine is broader than set forth in Rule 26(b)(3). That is simply incorrect. Unquestionably, the common law work product doctrine may extend beyond areas specifically addressed by the Rule, and the Court's order expressly acknowledged that Rule 26 replaced the common law doctrine only "to the extent that the federal rule is inconsistent with the common law rule that preceded it." But that just means, as Sanofi explains in its response, that aspects of the common law doctrine may govern in circumstances not addressed by the Rule. It does not suggest that, where the Rule explicitly conditions protection on party status, that common law may be invoked to extend the scope of the protection available in federal cases to non-parties. To so hold would abrogate the limitations affirmatively imposed by the Rule and contravene the Supreme Court's teaching that Rule 26(b)(3) sets forth "the extent to which trial preparation materials are discoverable in federal courts." *FTC v. Grolier Inc.*, 462 U.S. 19, 25 (1983). None of the cases that the plaintiffs cite in their motion for stay pending appeal support the proposition that the common law work product doctrine modifies the express limitations on the scope of the doctrine set forth in Rule 26(b)(3). And none holds that the doctrine shields from discovery in a federal case work product documents that were not prepared on behalf of a party to that case.

The weight of authority on this question, though not controlling, decisively reflects the view that, in limiting its scope to materials prepared "by or for another party," Rule 26(b)(3) means what it says.[3]

Second, the Court concludes that the plaintiffs will suffer no irreparable injury from pre-appeal disclosure of the documents sought from Navigant. In this regard, it is important to note that while the subpoena at issue seeks discovery from Navigant, it is not Navigant, but the plaintiffs, who have challenged the subpoena. They do so to protect from disclosure alleged attorney work product that was created not in connection with their retention of B&M's services, but rather in connection with B&M's representation of another, as yet unidentified client, who had retained B&M *before* either of the plaintiffs in this case did so.[4] The plaintiffs have not explained the basis for their claim to have a protectable interest in the non-disclosure of work product that their attorney prepared for another client. They argue that disclosure will give Sanofi "unfair insight into Plaintiffs' strategy and mental impressions concerning [this] litigation," but offer no explanation as to why disclosure of documents prepared by their attorney

---

[3] *See, e.g., LG Elecs., Inc. v. Motorola, Inc.,* 2010 WL 4513722, at *3 (N.D. Ill. Nov. 2, 2010) (collecting cases holding that Rule 26(b)(3) limits work product status to materials prepared "by or on behalf of another party or its representative"). *See also, e.g., Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 284 (11th Cir. 2009); *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 19 F.3d 1432, 1994 WL 58999, at *4 (6th Cir. 1994); *In re California Pub. Utils. Comm'n*, 892 F.2d 778 (9th Cir. 1989); *Bozeman v. Chartis Cas. Co.*, 2010 WL 4386826, at *2 (M.D. Fla. Oct. 29, 2010); *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 317 n.3 (N.D. Tex. 2009); *In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 691 (N.D.Ga.1998); *Gomez v. City of Nashua*, 126 F.R.D. 432, 434 n. 1 (D.N.H.1989); *Chaney v. Slack*, 99 F.R.D. 531, 533 (S.D.Ga.1983); *Galambus v. Consolidated Freightways Corp.*, 64 F.R.D. 468, 473 (N.D. Ind.1974).

[4] In its original April 9 order, the Court modified the subpoena to require production only of documents that predate plaintiff Castro's retention of B&M as her counsel (Sugartown Pediatrics retained B&M after Dr. Castro did so). Thus, by definition, the only dispute here concerns the requirement to produce documents that were created before either of the plaintiffs ever became a client of B&M.

on behalf of another client, who is not a party to this case, would be "unfair." Their argument simply presupposes that they have a protectable interest in documents their attorney created for someone else.

That the plaintiffs' counsel, B&M, has a protectable interest in work product they prepared for another client does not change the equation. Even if disclosure of that work product would harm B&M in some way (a debatable proposition, given that the purpose of the work product rule is not to protect attorney privacy but the adversary trial process), the fact remains that it is the plaintiffs, not B&M, who are challenging the Navigant subpoena and it is therefore the plaintiffs, not B&M, who must establish irreparable harm in order to obtain a stay of the Court's order pending appeal. The Court took pains to clarify this point during the hearing on the motion to stay conducted on May 8, 2013, and at that time B&M expressly disavowed that it had any interest in the documents sought by the Navigant subpoena that was distinct from that of the plaintiffs. As the plaintiffs have no protectable interest in the documents that are subject to the Navigant subpoena, it follows then that B&M has no protectable interest in the subpoenaed documents either.

Because the Court concludes that the plaintiffs have little prospect for success on the merits, and because they have failed to establish that they will be irreparably harmed if a stay of the Court's April 19 Order is not granted, the Court denies the plaintiffs' motion for a stay of that Order pending appeal. In addition, the Court enters further orders as follows:

(1) Dr. Castro is directed to submit to the Court, within 7 days of the entry of this Order, an affidavit setting forth the date that she retained B&M to provide legal services in connection with the matters at issue in this lawsuit (along with information sufficient to support the date set forth). Plaintiff is also required to provide a copy of this filing to Navigant by the same date.

(2) The Court grants Sanofi's motion to enforce the Navigant subpoena in part. Navigant is directed to produce within 21 days of the entry of this Order (i) all documents within its possession, custody, or control that are responsive to the subpoena as modified in accordance with this Court's April 9, 2013 and April 19, 2013 orders; and (ii) a privilege log reflecting all documents withheld based on any claim of privilege that the Court has not already addressed in this matter.

Entered: July 18, 2013

_____
John J. Tharp, Jr.
United States District Judge